PEARSON, Chief Judge.
The appellant was the defendant in the trial court. The appellee filed a complaint to foreclose a statutory mechanic’s lien for materials furnished to a contractor for use in the construction of a residence for the appellant. The trial court found that although the appellee was not entitled to a statutory lien, it was entitled to an equitable lien upon the appellant’s real property. The final judgment ordered that the amount found due, plus an attorney’s fee, be paid forthwith and in default of payment that the real property be sold to satisfy the equitable lien and charges. This appeal is from that judgment.
The appellee supplied materials to a general contractor. Some of the materials were incorporated into the residence. The judgment does not state why the statutory lien was not allowed. But since the appel-lee has not filed a cross-assignment of error concerning the disallowance of a statutory lien, the propriety of that disallowance is therefore not before us and we do not further discuss it.
The record contains evidence from which the court could have found that there was some balance due the contractor on his account with the appellant. No such finding was expressly made by the trial judge nor can we say with certainty from the record that an exact amount is due from the owner to the contractor.
Both parties place great importance on a recent Supreme Court case, Crane Co. v. Fine, Fla.1969, 221 So.2d 145. Appellant argues that appellee does not meet the standards set in that case for the award of an equitable lien. Appellee takes the contradictory position. We agree with the appellant and reverse the judgment appealed from.
The opinion in the cited case expressly sets forth:
“ * * * in the absence of special or peculiar equities, [a materialman’s] failure to perfect his statutory right thereunder leaves him only his remedies at law. We emphasize that this opinion is not to be interpreted as holding that a materialman is entitled to seek an equitable lien merely because his materials are incorporated in the improvement. We hold only that, because of the special and peculiar equities shown by the record in this particular case, the plaintiff should not be foreclosed from seeking an equi *716 table lien merely because he was entitled to but failed to perfect his statutory ma-terialman’s lien.” 221 So.2d at 149 (emphasis added).
The foregoing passage is a clear holding that a materialman unable to perfect a statutory lien has the right to seek an equitable lien if he shows his claim has special and peculiar equities.
The following passage (a) sets forth the special and peculiar equities that entitled the plaintiff in the Crane Co. case to an award of an equitable lien upon a fund held by the defendant real property owner and (b) shows that the plaintiff there actively sought to have an equitable lien imposed on the defendant.
“The petitioner, as plaintiff below, filed suit to foreclose a materialman’s lien in the amount of some $4,400.00 on account of materials specially fabricated by it on the order of the plumbing subcontractor and incorporated in a building being constructed under a general contract between the defendant-owner of the land and the defendant-general contractor, as joint venturers. Thereafter, the plumbing subcontractor became insolvent and abandoned the plumbing job, which was then taken over and completed by the general contractor. At the time of the abandonment by the plumbing subcontractor, the general contractor was holding funds (some $15,000.00) due the plumbing subcontractor for labor and materials furnished to the job under the plumbing subcontract but not paid for by the general contractor under a percentage hold-back clause in the construction loan agreement. The plaintiff’s notice of intention to claim a lien was not filed within 45 days of the date that it supplied the materials nor was its claim of lien filed within 90 days of that date. Its suit prayed for alternative relief in the form of an equitable lien, for recovery against the surety on the performance bond, and for a personal judgment against the defendant joint venturers.” 221 So. 2d at 146-147 (emphasis added).
By praying for an equitable lien, the plaintiff in the Crane Co. case put the defendant upon notice as to an issue to be tried. No such prayer is found in the complaint now before us. We do not think that the imposition of an equitable lien where a statutory lien has failed is available at the discretion of the trial judge. This is true even though the plaintiff, as is urged here, may have informally and outside the record requested an equitable lien if it did not prove a statutory lien.
Appellee also failed to plead or show any special or peculiar equities which would give rise to an equitable lien. The material supplied by the appellee was not specially fabricated for appellant’s building nor was all the material incorporated into appellant’s building. Moreover the record does not show that the contractor in the present case was insolvent. The record shows rather that the contractor is presently engaged in business. Since the appellee failed to show any special or peculiar equities or to seek an equitable lien, we hold that it has not met the standards set by the Supreme Court of Florida for the award of an equitable lien and that the judgment imposing an equitable lien upon appellant’s property must be reversed.
Appellant’s second point is directed to that portion of the judgment which allowed the plaintiff-appellee an attorney’s fee of $300 and made this fee a lien upon appellant’s real property. The allowance of an attorney’s fee against the opposing party is limited to those cases in which such allowance is provided by statute or contract or in which an attorney has created or brought into the court a fund or other property. Schwartz v. Sherman, Fla.App.1968, 210 So.2d 469. None of the foregoing elements is part of this case, therefore the award of an attorney’s fee was improper.
The judgment is reversed and the cause remanded with directions to enter judgment for the defendant.
Reversed.