COBB, Judge.
The issue presented here is whether the lower court departed from the essential requirements of the law in conditioning the continuance of a lis pendens on the posting of an indemnity bond. We hold it did and quash the order below.
Petitioner, Florida Peach Corporation of America, International Division, S.A. (FPCA), plaintiff below, instituted an action against respondents, Robert Lurie, trustee, et al. (Lurie), in the Circuit Court *340 of the Fifth Judicial Circuit seeking a declaratory judgment and to quiet title to lands held by FPCA. The action was brought in the form of a shareholder derivative suit in the name of FPCA, claiming that the company president (Lurie) had wrongly encumbered and transferred certain corporate properties.
Petitioner filed a notice of lis pendens in the court below on December 3, 1981. Respondents moved to dissolve the notice or in the alternative to require the posting of an indemnity bond. This motion was granted by the circuit court on January 8, 1982.[1] Petitioner then filed for an emergency stay of the lower court order and for a writ of common law certiorari with this court on January 18, 1982, requesting that the lower court ruling as to the lis pendens be quashed. An emergency stay was granted on January 19, 1982. Petitioner additionally filed a motion on January 20, 1982, to hold in abeyance this court’s proceedings until a final order was entered by the circuit court. This motion was denied and the lower court proceedings were subsequently suspended pending final order of this court.
The court may control and discharge a notice of lis pendens as it may grant and dissolve injunctions if the initial pleading does not show the action is founded on a duly recorded instrument. § 48.23(3), Fla. Stat. (1981).[2] If a lis pendens is based on a duly recorded instrument, the court has no authority for imposing the condition of an indemnity bond in order to maintain the action. Chapman v. L & N Grove, Inc., 244 So.2d 154 (Fla. 2d DCA 1971). In such a situation, the lis pendens is not viewed as an injunction, with additional requirements, nor is it the equivalent of one. Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA) pet. dismissed, 402 So.2d 608 (Fla.1981).
In the instant case, the quiet title action is founded upon the asserted superiority of the record title of FPCA, as shown by the deraignment of title attached to the complaint. That asserted superiority rests upon the allegation that the FPCA president improperly executed, filed and delivered various documents (deeds, mortgages, liens, etc.) encumbering FPCA’s record title. The relief sought is a cancellation of these latter instruments, and a court declaration of clear title to the concerned properties in FPCA.
The initial pleading herein shows that the action is founded upon a duly recorded chain of title and, therefore, petitioner is entitled to the maintenance of the lis pen-dens as a matter of right. Cf. Boca Raton Land Dev., Inc. v. Sparling, 397 So.2d 1053 (Fla. 4th DCA 1981).
Since the lis pendens is based on duly recorded instruments, the trial court departed from the essential requirements of the law by conditioning the continuance of the lis pendens on a bond. This action would cause material injury to the petitioner which could not be remedied by a later appeal;[3] therefore, the petition for certio-rari is granted and the lower court order is
QUASHED.
DAUKSCH, C. J., and ORFINGER, J., concur.

. The court gave petitioner ten days to post a $1,080,000 bond or the lis pendens would be dissolved. This was later modified to allow for 20 days until hearing.

. Section 48.23(3), Florida Statutes (1981), provides:
When the initial pleading does not show the action is founded on a duly recorded instrument, or on a mechanics lien, the court may control and discharge the notice of lis pen-dens as the court may grant and dissolve injunctions.

.City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1980); Colonial Penn Insurance Co. v. Blair, 380 So.2d 1305 (Fla. 5th DCA 1980).