443 So.2d 479 (1984)
MOHICAN VALLEY, INC., Petitioner,
v.
Alan MacDONALD, Etc., et al., Respondents.
No. 83-1752.
District Court of Appeal of Florida, Fifth District.
January 12, 1984.
*480 Ladd H. Fassett and Rita A. Lowndes, of Smathers, Pleus, Adams, Fassett & Divine, P.A., Orlando, for petitioner.
Michael C. Sasso, of Dempsey & Slaughter, P.A., Orlando, for respondents.
DAUKSCH, Judge.
This is before us on a petition for writ of certiorari en banc because the panel determining the issue was preparing to issue an opinion in direct conflict with another opinion of this court. Under Florida Rule of Appellate Procedure 9.331, an appellate court may order a hearing en banc, on its own motion, if "necessary to maintain uniformity in the court's decisions." When it became apparent to the panel deciding this case that its decision would be in conflict with the decision in Florida Peach Corp. of America v. Lurie, 411 So.2d 339 (Fla. 5th DCA 1982), all of the judges of this court were summoned and it was unanimously agreed that in order to maintain the uniformity of this court's decisions we must recede from Florida Peach. Of course, in another case we may have voted to the contrary and agreed to stick with a prior opinion rather than recede from it. Consistency in the decisions of a court of appeal is the desirable result afforded by the en banc rule.
The statement of law in Florida Peach is correct and remains binding precedent but the factual basis upon which it rests does not support the statement of law. That is, under the facts in Florida Peach we reached the wrong result.
The statement of law which is correct is that "[t]he court may control and discharge a notice of lis pendens as it may grant and dissolve injunctions if the initial pleading does not show the action is founded on a duly recorded instrument... . If a lis pendens is based on a duly recorded instrument, the court has no authority for *481 imposing the condition of an indemnity bond in order to maintain the action."
The error in Florida Peach occurs in the opinion when it says the suit to quiet title in that case was founded upon a duly recorded instrument as contemplated by the statute.[1]
A duly recorded instrument constitutes notice to the public of plaintiff's legal or equitable interest in the subject property and the lis pendens gives further notice that a lawsuit has been filed which may affect the title to the property. A mortgage foreclosure is the most common example of an action which is founded upon a duly recorded instrument  the mortgage. When a lawsuit is based upon a mortgage there is already notice to the public on record which shows the mortgagee's interest in the property. The lawsuit upon that mortgage may be to foreclose it, cancel it, modify it or otherwise directly affect the grantor's and grantee's rights under the mortgage. There is no reason to require the plaintiff in a suit on a mortgage to post a bond for his lis pendens because the instrument upon which he is suing already constitutes notice of the parties' competing rights in the real property. A suit to quiet title may be founded upon an instrument in writing and usually seeks a declaration of legal rights under competing instruments or separate claims of title.
The lawsuit here, like the lawsuit in Florida Peach, is not founded on a duly recorded instrument. The plaintiff calls it a quiet title suit, but it is not. It is a shareholders derivative suit to cancel a deed fraudulently transferred. That is a lawsuit founded on fraud or other tortious misconduct. It is a suit by an individual as a corporate shareholder, on his behalf and on behalf of the corporation to correct the misdeeds of corporate directors, officers or employees. While it seeks to correct the misconduct which incidentally involves a deed, it is not founded upon the deed itself. A lis pendens is permitted and proper in these cases but the trial judge has the authority and discretion to require a bond to indemnify the defendants in case the lawsuit fails. Like injunctions, which have the potential of irreparable injury to a wrongly sued defendant, a judge should set a reasonable bond when the reasonable exercise of his discretion requires. This is not so in cases directly involving an instrument of record where it is clear no further cloud on the title results by the filing of the lis pendens. See Kent v. Kent, 431 So.2d 279 (Fla. 5th DCA 1983), Cowart, concurring. The test is simple: if the lis pendens places a cloud on the title that did not exist then a bond should be considered. If the lis pendens does nothing more than give notice of a lawsuit on an instrument of record, which instrument itself is notice of the plaintiff's interest then no bond is required or permitted.
We recognize the trial court relied upon Florida Peach in his order and was eminently correct under that case law. We grant the writ, reverse ourselves, recede from Florida Peach and order that the lis pendens be stricken from the record unless a bond in the amount previously ordered has been posted.
Writ granted.
ORFINGER, C.J., and COBB, FRANK D. UPCHURCH, Jr., SHARP and COWART, JJ., concur.
NOTES
[1] § 48.23(3), Fla. Stat. (1981) provides:

When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.