WILLIAM A. NORRIS, Jr., Associate judge.
Appellee sued appellant, and others, to recover on a $60,000.00 stated-value insurance policy issued to appellee on May 21, 1981, to cover a restored 1970 Porsche automobile. The 1970 Porsche was rendered a total loss in an accident on November 8, 1981. A $7,500.00 offer of settlement was made by appellant in January, 1982. Appellee rejected the offer and suit was filed seeking compensatory and punitive damages. Thereafter, discovery was undertaken.
An amended complaint added certain parties who are not subject to this appeal. Appellant’s answer to the amended complaint raised an additional defense of misrepresentation in obtaining the subject insurance policy. A counterclaim was also filed seeking rescission of the insurance policy based on certain misrepresentations discovered during the course of depositions taken after suit was filed.
On the day of trial, appellee served a motion to strike the counterclaim for rescission. The trial judge granted the motion to strike the counterclaim and refused to permit appellant to argue the defense of misrepresentation contained in the amended answer. The trial judge also permitted the jury to hear testimony of the prior offer of settlement, presumably in support of the punitive damage claim. The jury awarded appellee $59,000.00 compensatory damages and $24,000.00 punitive damages.
Appellant argues that the trial judge committed reversible error in: (1) striking appellant’s counterclaim for rescission; (2) permitting testimony of the prior settlement offer; and (3) permitting the issue of punitive damages to be submitted to the jury.
In granting the motion to strike the counterclaim on the day of trial, and prior to hearing any testimony, the trial judge apparently determined that the pre-complaint offer of settlement was a waiver of appellant’s right to rescind the contract. Johnson v. Life Insurance Co. of Georgia, 52 So.2d 813 (Fla.1951). The flaw in this reasoning is that the alleged misrepresentations were not discovered until depositions were taken after the lawsuit was filed. There can be no waiver without knowledge, express or implied, of that which is waived, Gulf Life Insurance Co. v. Green, 80 So.2d 321 (Fla.1955), and, of course, misrepresentation in an application for automobile insurance may constitute grounds for rescission. Life Insurance Co. of Virginia v. Shifflet, 201 So.2d 715 (Fla.1967); Pina v. General Insurance Co., 443 So.2d 395 (Fla. 3d DCA 1984); § 627.409(1), Fla.Stat. (1981). Thus, it was error for the trial judge to strike the counterclaim.
Further, the allegations in the amended complaint are insufficient, as a matter of law, to sustain an award of punitive damages.[1] Dominguez v. Equitable Life Assurance Society, 438 So.2d 58, 59 (Fla. 3d DCA 1983); Industrial Fire & Casualty Insurance Co. v. Romer, 432 So.2d 66 (Fla. 4th DCA), pet. for rev. denied, 441 So.2d 633 (Fla.1983); Henry Mor *308 rison Flagler Museum v. Lee, 268 So.2d 434, 436 (Fla. 4th DCA 1972).
REVERSED and remanded for new trial, with directions to reinstate the counterclaim and to strike the claim for punitive damages.

. Since we have reversed the award of punitive damages, on retrial, testimony of the offer of settlement would not be relevant.