455 So.2d 1126 (1984)
Marvin FEINSTEIN, Petitioner,
v.
DOLENE, INC., a Florida Corporation, Respondent.
No. 84-886.
District Court of Appeal of Florida, Fourth District.
September 19, 1984.
William S. Weisman of Gilbride, Heller & Brown, P.A., Miami, for petitioner.
Scott E. Simowitz of Goldberg, Young & Borkson, P.A., Fort Lauderdale, for respondent.
GLICKSTEIN, Judge.
This is a petition for writ of certiorari, by defendant below, who seeks review of the trial court's denial of rehearing on its order denying petitioner/defendant's motion to control respondent/plaintiff's lis pendens as an injunction. We grant the petition and quash the order.
Plaintiff/respondent Dolene, Inc., filed a seven count complaint against Marvin Feinstein, as well as his father, Morris Feinstein, Samuel Workman and Village, Inc., of Broward County. Dolene alleged that a joint venture to develop a certain parcel of real property had been orally agreed to among Dolene, Village, Inc., S.L. Workman, Merrick Development, Inc., Gilfat Florida, Inc., and B & M Holdings, Inc. Samuel Workman is the majority stockholder of S.L. Workman. Dolene is one-third owner of Village, Inc. Morris Feinstein is *1127 majority stockholder in and chief operating officer of Bonavista Holdings, Inc., which is also a one-third shareholder of Village, Inc. Marvin Feinstein is one-half shareholder and officer of B & M Holdings, Inc.
The joint venture was to be known as Pembroke Pines Joint Venture. It was to purchase the parcel and develop, build, and sell about 200 single family units on it. The parcel was to be purchased for the joint venture in the names of Morris Feinstein and Sam Workman as trustees for the joint venture. Morris Feinstein and Workman as trustees did take title to the property. Allegedly, Dolene contributed $26,000 to be used as partial payment for the land. Thereafter, Morris Feinstein and Workman transferred the property to Marvin Feinstein as trustee. Dolene instituted its suit as a shareholders derivative action. Dolene did not attempt first to get Village, Inc.'s, Board of Directors to bring the action, because Village, Inc., is controlled by the people being sued.
At the same time as the respondents/plaintiffs filed this suit they also filed and recorded a notice of lis pendens. Marvin Feinstein then moved, pursuant to section 48,23(3), Florida Statutes (1983), to have the lis pendens controlled and discharged as if an injunction, claiming the respondents'/plaintiffs' action was based on an alleged oral joint venture agreement and not on a recorded instrument or a mechanic's lien. The trial court denied this motion and subsequently also denied Marvin Feinstein's motion for rehearing. Marvin Feinstein timely petitioned for writ of certiorari. The general issue is whether the trial court departed from the essential requirements of law when it denied petitioner's motion to have respondent's lis pendens controlled as if an injunction, and denied petitioner's motion for rehearing.
The governing statute is section 48.23(3), which provides:
When an initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
The effect of the statute is to make applicable to a lis pendens not founded on either a duly recorded instrument or a mechanic's lien the same safeguards that apply to an injunction; e.g., notice, the posting of an adequate bond, and the showing of irreparable harm. Cacaro v. Swan, 394 So.2d 538, 539 (Fla. 4th DCA 1981).
In the instant case, the trial court's order was directed to the stipulated threshold issue which had to be determined before any evidentiary hearing could be held; namely, whether the present action was founded on a duly recorded instrument. Marvin Feinstein relied on Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984). In that opinion, the District Court wrote: "A duly recorded instrument constitutes notice to the public of plaintiff's legal or equitable interest in the subject property and the lis pendens gives further notice that a lawsuit has been filed which may affect the title to the property." Id. at 481. The court illustrated this principle by discussing mortgage foreclosure as an example. "When a lawsuit is based upon a mortgage there is already notice to the public on record which shows the mortgagee's interest in the property." Id. Because the public has already been informed of the plaintiff's interest in the real property via the recorded mortgage on which he is suing, there is no reason to require the plaintiff to post a bond for his lis pendens. See id.
In Mohican Valley the plaintiff claimed he was suing to quiet title. Actually, said the court, the suit was a shareholders derivative suit to cancel a deed fraudulently transferred by the corporate directors, officers, or employees. The deed at issue was incidental to the tortious misconduct charged and was not at the foundation of the action. The Fifth District said that lis pendens is permissible in such a case, but if the lis pendens places a cloud on the title that did not preexist the lis pendens a bond should be considered. In the case where *1128 an instrument on the record has already given notice of the plaintiff's interest, there should be no bond required. Id.
In Glusman v. Warren, 413 So.2d 857 (Fla. 4th DCA 1982), plaintiffs alleged that respondents had orally agreed to form a partnership to acquire and develop land, and that Warren had taken title to the property as trustee for Glusman. There was, however, a signed agreement stating Glusman would have no equitable interest in the property. Petitioners Glusman and Gordon complained of breach of fiduciary duty, sought equitable relief against the respondents, and recorded a lis pendens. Respondents sought either dissolution of the lis pendens or the posting of a $7,000,000 bond, claiming if a proposed sale for that amount were not closed the property would be lost to foreclosure. Without taking evidence as to the amount and terms of a reasonable bond, the trial court granted the bond in the amount requested by respondents. The petitioners sought relief via certiorari, claiming the complaint was based on a duly recorded instrument, which precluded a bond, and that the trial court should have taken evidence on the issue of the amount and terms of a bond sufficient to protect the respondents if the lis pendens was wrongfully continued in effect. This court found the complaint was not based on a duly recorded instrument because the deed referred to had not been made a part of the complaint by attachment thereto or by reference. This court stated, however, that had the deed been properly incorporated in the complaint there would still be a question of whether that deed, naming only the trustee as grantee without identifying the beneficiaries or a trust agreement of record, furnished an adequate basis for a lis pendens without bond. Thus a bond would still have been mandatory if without it irreparable damage would result. This court found the petitioners' second argument meritorious, and remanded for a proper hearing on respondents' actual damages and costs, as the basis for determining the terms and amount of the bond. Accordingly, certiorari was granted.
We see no conflict between Glusman and Mohican Valley as to what is meant by a lis pendens founded upon a duly recorded instrument. See also Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA 1982). Further, we believe Mohican Valley correctly states the law, as does Glusman v. Warren; and that the trial court erred in its ruling. The essential idea behind section 48.23(3) is that if it was already clear to the public before the suit was filed that there was a cloud on the property being sued about, because of a recorded instrument showing an interest of the plaintiff, there was no reason to require a bond or otherwise to control or to discharge the lis pendens. On the other hand, where the lis pendens for the first time announced plaintiff's claimed interest in the property, defendant titleholder was entitled to notice and hearing and could demand a bond if he could show the danger of irreparable harm in the event the lis pendens was unjustified.
Here nothing about the deed gave notice of plaintiffs/respondents' purported interest in the subject real property. The deed did not say for whom the trustees held the property in trust, or what recorded trust agreement provided for the trusteeships. (In fact, it is not claimed there was such a recorded trust agreement.) Therefore the trial court departed from the essential requirements of law in denying Marvin Feinstein's motion to control the lis pendens. Rather, the trial court should have held an evidentiary hearing so that Marvin Feinstein might show irreparable harm, whereupon reasonable terms for a bond could be determined.
HERSEY and DELL, JJ., concur.