THOMPSON, Judge.
The former husband appeals an order denying his motions to require his former wife to post a security bond in connection with her notice of lis pendens on property he received under the final judgment of dissolution of marriage, or to cancel, dissolve and discharge the notice of lis pen-dens. We reverse.
The former husband contends that the trial court erred in finding that the wife had a right as a matter of law to maintain her notice of lis pendens, and thus erroneously denied the husband’s motions to cancel the lis pendens or to set security bond without considering the merits of the motions. The order appealed specifically found that “the plaintiff is entitled to maintain a lis pendens as a matter of law.” Based on this finding, the court denied the motions of the defendant to set a security bond or to cancel, dissolve and discharge the lis pendens. The trial court cited Albega Corp. v. Manning, 468 So.2d 1109 (Fla. 1st DCA 1985) as authority for its finding that the wife could maintain her lis pen-dens as a matter of right. The court’s reliance on Albega is misplaced.
The instant case, unlike Albega, is not an action “founded on a duly recorded instrument” within the meaning of § 48.23(2), Fla.Stat. Instead, it is a Fla.R.Civ.P. 1.540(b) action to vacate an original final judgment of dissolution of marriage because of alleged fraud on the part of the husband in procuring the judgment. If the relief sought is granted, the result will be that the disposition of marital property made by the court in the final judgment of dissolution, including the disposition of the real property named in the wife's notice of lis pendens, will be set aside. Notwithstanding that title to the real property may be affected, this remains an action founded on fraud and not on a duly recorded instrument. Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356 (Fla. 4th DCA 1985); Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984); Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA 1982). In MacDonald, a case very similar to the instant case in many respects, the court pointed out that while a lis pendens is permitted and may be proper in cases not founded on a recorded instrument, the trial judge has authority and discretion to require a bond to indemnify the defendants should the lawsuit fail. The court stated:
The lawsuit here, like the lawsuit in Florida Peach [Florida Peach Corp. of *1291 America v. Lurie, 411 So.2d 339 (Fia. 5th DCA 1982) ] is not founded on a duly recorded instrument. The plaintiff calls it a quiet title suit, but it is not. It is a shareholders derivative suit to cancel a deed fraudulently transferred. That is a lawsuit founded on fraud or other tor-tious misconduct. It is a suit by an individual as a corporate shareholder, on his behalf and on behalf of the corporation to correct the misdeeds of corporate directors, officers or employees. While it seeks to correct the misconduct which incidentally involves a deed, it is not founded upon the deed itself. A lis pen-dens is permitted and proper in these cases but the trial judge has the authority and discretion to require a bond to indemnify the defendants in case the lawsuit fails. Like injunctions, which have the potential of irreparable injury to a wrongly sued defendant, a judge should set a reasonable bond when the reasonable exercise of his discretion requires. This is not so in cases directly involving an instrument of record where it is clear no further cloud on the title results by the filing of the lis pendens. See Kent v. Kent, 431 So.2d 279 (Fla. 5th DCA 1983), Cowart, concurring. The test is simple: if the lis pendens places a cloud on the title that did not exist then a bond should be considered. If the lis pendens does nothing more than give notice of a lawsuit on an instrument of record, which instrument itself is notice of the plaintiff's interest then no bond is required or permitted.
443 So.2d at 481.
As the court stated in Linder:
An action to foreclose a mortgage on real property is an action “founded on a duly recorded instrument.”
In contrast, the recording of a conveyance such as a warranty deed serves as notice that the grantor has relinquished to the grantee all of his right, title and interest in the real property. The “recorded instrument” is notice of the grantee’s ownership and therefore interest in the real property. It also serves as notice that the grantor no longer has any interest in the real property. If it is later claimed by the grantor that the grantee fraudulently or otherwise wrongfully obtained title and an action is brought to rescind the deed, the plaintiff is not entitled as of right to file a notice of lis pendens. The action is not founded on the deed but on circumstances preceding and surrounding the execution of the deed. A notice of lis pendens alerts to the possibility of rescission of the deed, a cloud on title not evident from inspection of the bare deed on the public records. Because of its potential to cloud title it is subject to scrutiny by the court for the protection of the title, the property owner, and existing lienholders, as well as the interests of the plaintiff. . Thus, the statute requires that the court “control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.”
464 So.2d at 1357-1358.
The order denying the former husband’s motions is reversed and the cause is remanded to the trial judge for reconsideration of the motions. The trial judge shall exercise his discretion as to whether the wife shall be permitted to maintain her lis pendens and, if so, whether equity may require the posting of bond or the imposition of other conditions or limitations.
REVERSED and REMANDED.
BOOTH, C.J. and MILLS, J., concur.