528 So.2d 64 (1988)
Raymond A. ROSS, Jr., et al., Petitioners,
v.
Robert BREDER, Respondent.
No. 88-1223.
District Court of Appeal of Florida, Third District.
July 5, 1988.
Rehearing Denied August 3, 1988.
Fowler, White, Burnett, Hurley, Banick & Strickroot and A. Rodger Traynor, Miami, for petitioners.
Alex Hofrichter and Alan E. Krueger, Miami, for respondent.
Before NESBITT, BASKIN and PEARSON, Daniel S., JJ.
NESBITT, Judge.
Petitioners seek review by petition for writ of certiorari of an order denying the dissolution of a notice of lis pendens. We have jurisdiction. James v. Wolfe, 512 So.2d 954 (Fla. 2d DCA 1987); Nero v. Nero, 475 So.2d 1361 (Fla. 5th DCA 1985); Sunrise Point, Inc. v. Foss, 373 So.2d 438 (Fla. 3d DCA) cert. denied, 374 So.2d 99 (Fla. 1979). We grant the petition, quash the order, and remand for further proceedings.
Respondent, Robert Breder, is a five per cent partner in Perrine Plaza, a Florida general partnership, the principal asset of which is a large shopping center. Petitioners *65 are his partners in that venture. The underlying case originated when Breder filed suit seeking dissolution of the partnership, an accounting, liquidation of partnership property, and partition of the real property involved. The trial court dismissed with prejudice an additional claim seeking injunctive relief. Approximately ten months after filing suit, Breder learned of the execution of a contract for the sale of the shopping center. He then filed a notice of lis pendens. Petitioners filed an emergency motion to discharge the lis pendens citing the pending closing on the sale and arguing that Breder's claims were not founded upon a duly recorded instrument as required by section 48.23(3), Florida Statutes (1987). The trial court rejected the petitioners' contentions and found that the special warranty deed pertaining to the property and the parties' partnership agreement were both filed in the public records of Dade County and thus constituted the duly required instruments within the meaning of the lis pendens statute. The court thus allowed the lis pendens to be continued unconditionally as a matter of right. This petition for writ of certiorari followed. However, since this petition was filed, the lower court permitted Breder to amend his complaint to seek specific performance of the partnership agreement's term that he, as a partner, be offered the right of first refusal to purchase the seventy per cent controlling interest which partners R.A.R. Properties, Inc. and Ross Industries, Inc. assigned to Raymond Ross, Jr., allegedly in breach of the partnership agreement.
The purpose of a notice of lis pendens is to warn all persons that the title to property is in litigation and that they are in danger of being bound by an adverse judgment. Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356 (Fla. 4th DCA 1985). A notice of lis pendens indicates that there is a cloud on the title to the property involved. Feinstein v. Dolene, Inc., 455 So.2d 1126 (Fla. 4th DCA 1984); Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984). "Under Florida law, a lis pendens is proper only when the required relief might specifically affect the property in question. There is no other justification for burdening the alienability of property pending the outcome of a lawsuit." Beefy King Int'l, Inc. v. Veigle, 464 F.2d 1102 (5th Cir.1972).
The allegations made by Breder in the underlying lawsuit here place in question who has the right to transfer the partnership property involved. Should Breder win his claim for specific performance, he will be entitled to buy the seventy per cent interest of his corporate partners and thus will have the right to control the sale of the property, in accordance with the partnership agreement. That agreement states that any partner controlling sixty per cent or more of the partnership shares shall have full power to sell the property.
Consequently, because the right to transfer the property is at issue, a notice of lis pendens is in order; nevertheless, the fact that the partnership agreement and the warranty deed to the property involved here are recorded does not automatically transform those documents into a statutory predicate for a lis pendens as of right. See Glusman v. Warren, 413 So.2d 857, 858 (Fla. 4th DCA 1982). This is true because while the lawsuit is facially based on the instruments of record, the partnership agreement and deed would not put a good faith purchaser on notice that there is a cloud on the title. See Mohican Valley, 443 So.2d at 481. Thus, the defendants are entitled to a hearing at which a reasonable bond shall be set to protect them from the danger of irreparable harm should Breder be unsuccessful in his suit below. See Feinstein, 455 So.2d at 1128.
Accordingly, we quash the order of the trial court denying dissolution of the notice of lis pendens and order that the lis pendens be stricken from the record unless a bond is posted.
In view of the imminence of the closing, the time for filing of a motion for rehearing is limited to five days.