537 So.2d 607 (1988)
Aida MACHADO, Claudia Machado, Javier Machado and Jesus Machado, Appellants,
v.
FOREIGN TRADE, INC. and Alex Litman, Appellees.
No. 88-2027.
District Court of Appeal of Florida, Third District.
November 22, 1988.
Markowitz, Davis & Ringel and Candis Trusty, Miami, for appellants.
Caron Balkany, Kluger, Peretz & Kaplan, and Andrew P. Gold, Miami, for appellees.
Before BARKDULL and DANIEL S. PEARSON, JJ., and ORFINGER, MELVIN, Associate Judge.
PER CURIAM.
Subsequent to receiving a money judgment, the plaintiff filed in the original action an impleader complaint against certain of the judgment debtor's relatives alleging a fraudulent transfer of assets (which were not described) and seeking money damages. Thereafter, the plaintiff filed a Lis Pendens listing certain specific properties, both real and personal. The impleaded defendants moved to discharge the Lis Pendens. The trial court denied same and a petition for certiorari was filed in this court, which we treat as a non-final appeal. See Munilla v. Espinosa, 533 So.2d 895 (Fla. 3d DCA 1988), Case No. 88-1139, opinion filed November 8, 1988.
The impleader complaint not describing or seeking any relief against specific properties,[1] it was error to deny the motion to *608 discharge. We therefore reverse the order under review with directions to grant same.
NOTES
[1] The plaintiff's original claim not arising out of a document entitled to be recorded, even if the impleader complaint did describe particular property, it would have been appropriate, upon motion, to require a bond, the same as required in the issuance of a temporary injunction. Ross v. Breder, 528 So.2d 64 (Fla. 3d DCA 1988); Feinstein v. Dolene, Inc., 455 So.2d 1126 (Fla. 4th DCA 1984); Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984).