537 So.2d 696 (1989)
M.G. MARINE SUPPLY CORPORATION, Appellant,
v.
FOREIGN TRADE, INC. and Alejandro Litman, Appellees.
No. 88-2489.
District Court of Appeal of Florida, Third District.
January 31, 1989.
*697 Storace, Lupino & Middelthon and Frank Mendez, for appellant.
Caron Balkany, Kluger, Peretz & Kaplan and Andrew P. Gold, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and COPE, JJ.
SCHWARTZ, Chief Judge.
This petition for certiorari from an order denying a motion to dissolve a lis pendens on specified real estate is treated as a non-final appeal. Machado v. Foreign Trade, Inc., 537 So.2d 607 (Fla. 3d DCA 1988); Munilla v. Espinosa, 533 So.2d 895 (Fla. 3d DCA 1988). As we did in a previous consideration of the efficacy of the same lis pendens initiated by other parties, Machado, 537 So.2d at 607, we reverse.
We do so for two separate reasons:
First, as we held in Machado, the lis pendens is fatally defective because the burdened property was not described in the underlying pleading, an impleader complaint which sought enforcement of a money judgment against other persons on the ground that they were the recipients of a fraudulent conveyance of the realty from the judgment debtor. See De Pass v. Chitty, 90 Fla. 77, 105 So. 148 (1925); Powerline Dev. Corp. v. Assor, 458 So.2d 305 (Fla. 3d DCA 1984).
Secondly, the fact that the titleholder of the subject property, the present appellant, was not even named as a party defendant in the impleading complaint likewise renders the lis pendens entirely without lawful basis. See Leader Mortgage Co. v. Rickards Electric Serv., 348 So.2d 1202 (Fla. 4th DCA 1977); cf. Tortu v. Tortu, 430 So.2d 531 (Fla. 4th DCA 1983).
REVERSED.