PER CURIAM.
The defendant, Lakeview Townhomes of the California Club, Inc., appeals the non-final order denying its motion to dissolve a lis pendens filed and recorded by the plaintiffs [collectively referred to as the Associations] against the property owned by the defendant and/or to require the posting of an adequate bond. We affirm in part, and reverse in part and remand.
The Associations seek to establish and foreclose an equitable lien on real property owned by the defendants. If the Associations prevail in their underlying action, they will obtain a foreclosure judgment which will affect the defendant’s property. See DePass v. Chitty, 90 Fla. 77, 105 So. 148 (1925); Ross v. Breder, 528 So.2d 64 (Fla. 3d DCA 1988) (quoting Beefy King Int'l, Inc. v. Veigle, 464 F.2d 1102 (5th Cir.1972)). Therefore, a notice of lis pendens is in order.
The Associations’ request is founded upon the covenant running with the land executed by the defendant and recorded in the public records of Dade County, Florida. However, the fact that the covenant running with the land is “recorded does not automatically transform th[is] document[] into a statutory predicate for a lis pendens as of right.” Ross, 528 So.2d at 65. See also Glusman v. Warren, 413 So.2d 857 (Fla. 4th DCA 1982). The covenant running with the land does not put a good faith purchaser on notice that there is a cloud on the title. See Ross, 528 So.2d at 65; Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984). Thus, the defendant is entitled to a hearing at which a reasonable bond shall be set to protect the defendant from the danger of irreparable harm should the Associations be unsuccessful in their action. See Ross, 528 So.2d at 65; Feinstein v. Dolene, Inc., 455 So.2d 1126 (Fla. 4th DCA 1984).
Accordingly, we affirm the portion of the order denying the motion to dissolve the lis pendens, but reverse and remand the portion of the order denying the request for a bond. The lis pendens shall be stricken from the record unless a bond is posted.
Affirmed in part, and reversed in part and remanded.