637 So.2d 5 (1994)
ROGER HOMES CORP., Petitioner,
v.
PERSANT CONSTRUCTION CO., Respondent.
No. 94-136.
District Court of Appeal of Florida, Third District.
May 3, 1994.
Rehearing Denied June 14, 1994.
*6 Taylor Brion Buker & Greene and Arnaldo Velez, Miami, for petitioner.
Quesada & Martinez and Frank Quesada, Coral Gables, for respondent.
Before BARKDULL, JORGENSON and GODERICH, JJ.
JORGENSON, Judge.
Roger Homes, Inc., a residential housing developer, seeks certiorari review of an order denying its motion to dissolve a lis pendens. We treat the petition as an appeal from a nonfinal order, and for the following reasons, reverse and remand with directions to dissolve the lis pendens.[1]
Roger Homes contracted with Persant Construction, an engineering contractor, for the construction of roads and a water, sewage, and drainage system in a development that consisted of over one hundred homes. When Persant completed the work, Roger Homes still owed Persant $80,000. Persant filed no mechanic's lien or contractor's affidavit, and conveyed the water and sewage system to the Dade County Water and Sewage Department. In lieu of making payment to Persant, Roger Homes signed an unsecured promissory note for the balance due under the contract. Roger Homes failed to pay over $50,000 due on the note.
Persant sued Roger Homes to collect on the promissory note and to impose an equitable lien on Roger Homes' real property on which Persant had built the improvements. Persant then filed a lis pendens on the property.
Roger Homes moved to dissolve the lis pendens, arguing that it was not based upon a duly recorded instrument and was not a lien claimed under Chapter 713, Florida Statutes. The trial court denied the motion; Roger Homes appeals.
The trial court erred in denying the motion to dissolve the lis pendens. The creation and maintenance of a lis pendens is controlled by section 48.23, Florida Statutes (1993), which requires that a lis pendens be "founded upon a duly recorded instrument, or a mechanic's lien claimed against the property." § 48.23(2), Fla. Stat. "When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions." § 48.23(3), Fla. Stat. The lis pendens that Persant filed against Roger Homes' property was not founded on either a written instrument or a claim of mechanic's lien.[2] Instead, *7 Persant relies upon claims that arise from an unsecured and unrecorded promissory note, and from its action to impose and foreclose upon an equitable lien. This court has held that a claim for an equitable lien may support the imposition of a lis pendens. Lakeview Townhomes at the Calif. Club, Inc. v. Lakeview of the Calif. Club Homeowners Ass'n, 579 So.2d 290 (Fla. 3d DCA 1991). However, in Lakeview the equitable lien itself was founded upon a duly recorded instrument  "the covenant running with the land executed by the defendant and recorded in the public records of Dade County, Florida." 579 So.2d at 291. No such instrument exists in this case.
Furthermore, Persant is not entitled to a lis pendens based upon section 48.23(3), which allows a court to "control and discharge the notice of lis pendens" as it would grant and dissolve injunctions. To support its claim that there is no adequate remedy at law, Persant alleges only that "Plaintiff is informed and believes that Defendant's only asset is the real property described herein," and does not allege that Roger Homes is insolvent. See, e.g., Architectonics, Inc. v. Salem-American Ventures, Inc., 350 So.2d 581 (Fla. 2d DCA 1977) (allegation that obligor is insolvent may support claim that contractor is without adequate remedy at law and therefore may be entitled to equitable lien that would allow imposition of lis pendens), Goldberg v. Banner Supply Co., 230 So.2d 714 (Fla. 3d DCA 1970) (same).
We reverse and remand with directions to grant Roger Homes' motion to dissolve the lis pendens.
NOTES
[1] This court has reviewed the denial of a motion to dissolve a lis pendens as an appeal from a nonfinal order, see M.G. Marine Supply Corp. v. Foreign Trade, Inc., 537 So.2d 696, 697 (Fla. 3d DCA 1989), but has also reviewed such an order by granting certiorari. See Ross v. Breder, 528 So.2d 64 (Fla. 3d DCA 1988) and Guaranty Nat. Ins. Co. v. Pachivas, 458 So.2d 306 (Fla. 3d DCA 1984). "[H]owever, it appears that the preferred method should be by non-final appeal and the order under review tested by the same principles as those relating to the issuance of the temporary injunction orders refusing to vacate same or matters relating to a bond or the sufficiency thereof." Munilla v. Espinosa, 533 So.2d 895, n. 1 (Fla. 3d DCA 1988).
[2] The contractor's failure to secure a mechanic's lien does not foreclose it from seeking to impose an equitable lien. Architectonics, Inc. v. Salem-American Ventures, Inc., 350 So.2d 581, 584 (Fla. 2d DCA 1977).