760 So.2d 1132 (2000)
AVALON ASSOCIATES OF DELAWARE LIMITED, etc., Petitioner,
v.
AVALON PARK ASSOCIATES, INC., etc., Respondent.
No. 5D99-2809.
District Court of Appeal of Florida, Fifth District.
July 7, 2000.
*1133 Gary S. Salzman and Robert L. Butterworth, Jr., of Brown, Ward, Salzman & Weiss, P.A., Orlando, for Petitioner.
Carl W. Hartley, Jr. and Todd K. Norman of Hartley, Wall & Norman, Orlando, for Respondent.
W. SHARP, J.
Avalon Associates of Delaware Ltd., a Florida limited partnership, petitions for certiorari review of the trial court's order which denied its motion to require a bond or dissolve a lien and lis pendens filed against real property owned by the partnership. Avalon Park Associates, Inc., a Florida corporation (APA), filed a lawsuit against the partnership based on a development agreement dated April 1996, the "Avalon Park Development Services Agreement," pursuant to which McAfee as manager was given the right to file a lien against the property to secure payment of fees due to McAfee and APA. The trial court ruled that the lawsuit was "founded upon a duly recorded instrument," and thus no bond was required to maintain the lis pendens filed against the property. We disagree and grant certiorari review.[1]
The issue in this case is whether APA has the absolute right under the circumstances to file and maintain a lis pendens against real property owned by the partnership without having a court consider whether a bond should be posted to compensate the owner of the property for damages in the event the lis pendens was wrongfully filed. Lis pendens in Florida is governed by section 48.23, Florida Statutes. Subsection (3) provides:
When the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
There is no contention in this case that APA is claiming a lien under chapter 713.
It appears the lawsuit arose out of a dispute between the two principals of the two entities: McAfee and Khali. They own a 50% interest in APA. Under the development agreement, Khali is designated as the owner and he is the controlling force behind the partnership. McAfee is designated as the manager, and the force behind APA. The agreement references the legal description of 1860 acres of land in Orange County owned by the partnership. The agreement recites that the owner holds title to the land and is planning to develop it into a master planned community consisting of plats and tracts of land for residential and commercial uses which will be sold to builders and other users with related improvements, including roads, infrastructure and amenities.
*1134 Under the agreement, the owner engaged the manager to act as the development manager for the property and to assist in the planning, designing, platting, permitting, development, construction and marketing of the property. Section 9 of the agreement provides for payment by the owner to the manager of management fees; i.e., a monthly fee and an incentive fee. Subsection (c) of the agreement additionally provides:
To the extent of any fee which is otherwise due and owing that remains unpaid, Manager shall have the right to file a lien against the Property to secure the payment of said fees owed, either as a contractor pursuant to Chapter 713, Florida Statutes, or based upon Owner's express authorization issued herein, pledging the Property as collateral for the promise of payment for all sums due herein. (emphasis in original)
McAfee's suit sets forth two counts: breach of contract and action to foreclose a consensual lien. He alleged that Kahli on behalf of the partnership breached the development agreement by taking over the management duties of APA and McAfee. On behalf of APA, he sought to terminate the agreement and recover the damages specified in the agreement. In addition, on July 19, 1999, McAfee filed a "consensual Lien" against the property, based on the development agreement. On July 26, 1999, he filed a notice of lis pendens stating:
Please take notice of the institution of this action by Plaintiff, Avalon Park Associates, Inc., against you seeking to foreclose the lien against the property located in Orange County, Florida and described in exhibit "A" attached hereto.
At common law, the purpose of a lis pendens filing was to put everyone on notice that whoever subsequently acquires an interest in the property will stand in the same position as the current owner/vendor, and take the property subject to whatever valid judgment may be rendered in the litigation. It also enabled the court to deal with the property and preserve its jurisdiction over the subject matter. DePass v. Chitty, 90 Fla. 77, 105 So. 148, 149 (1925); 51 Am.Jur.2d Lis Pendens § 1 (1970). But because lis pendens operates as a cloud on the title and prevents an owner from selling or dealing with it, it is a harsh and oppressive remedy. 8 Thompson on Real Property § 4308 (1963). Thus section 48.23(3), Florida Statutes, is designed to moderate and to limit the common law effect of lis pendens. Unless the initial pleading shows that the action is founded on a duly recorded instrument, the effect of the filing is limited to one year,[2] and the court has the power to "control" the notice by discharging it, or requiring the party seeking to file a lis pendens to post a bond.
The rationale for not requiring a bond or control by the court in cases where the action is founded on a duly recorded instrument is because the recorded instrument in itself has already given notice and constructive notice to "the world" about the rights and claims of the person or person who filed the lawsuit, making the posting of a bond unnecessary. Feinstein v. Dolene, Inc., 455 So.2d 1126, 1127 (Fla. 4th DCA 1984); Mohican Valley, Inc., 443 So.2d at 481. In essence, the lawsuit founded on a duly recorded instrument has already clouded the title. Kent v. Kent, 431 So.2d 279 (Fla. 5th DCA 1983) (Cowart, J., concurring specially). See, e.g., Moss, 687 So.2d at 70 (suit by plaintiff claiming rights to realty founded on a quit claim deed of record); Stinnett v. Dodson, 575 So.2d 1350 (Fla. 2d DCA 1991) (suit for injunctive relief to prevent interference with plaintiff's rights under recorded grants of easement).
The fact that there is a consensual lien filed by APA, which is of record and which it seeks to enforce, is not determinative. Section 48.23 requires that the action *1135 be founded on the recorded instrument. "Founded on" means based upon, arising from, growing out of, or resting upon. Kent, 431 So.2d at 282 (Cowart, J., specially concurring). In this case, APA's claims are founded on the alleged breach of an unrecorded development agreement. It would be impossible for a person to determine from a reading of the complaint what the nature of APA's rights are or will be, as a result of the litigation. See Ross v. Breder, 528 So.2d 64 (Fla. 3d DCA 1988) (recorded special warranty deed and recorded partnership agreement, in suit to partition the property pursuant to the partnership agreement was not founded on recorded instrument); Lakeview Townhomes at the California Club v. Lakeview of the California Club Homeowners Ass'n, Inc., 579 So.2d 290 (Fla. 3d DCA 1991) (suit to enforce a covenant running with the land, which was recorded, was not a suit founded on a recorded instrument); Commodore Plaza at Century 21 Condominium Ass'n, Inc. v. Century 21 Commodore Plaza, Inc., 290 So.2d 539 (Fla. 3d DCA 1974) (suit by builder/owner of condo units to declare invalid assessments filed against its unit, where the assessments were filed pursuant to the recorded declaration held not a suit founded on a recorded instrument).
In American Legion Community Club v. Diamond, 561 So.2d 268 (Fla.1990), the court ruled that a suit to set aside a conveyance of real property for fraud is not an action founded on a duly recorded instrument, entitling a party to lis pendens as of right. It pointed out that the relief sought in that case was founded not on the terms and provisions of the deed, but on the circumstances surrounding the execution of that deed:
It is our view that the exception [lis pendens as of right] applies only to those cases in which the suit is based on the terms and provisions contained in the recorded document.
561 So.2d at 272. Similarly in this case, the dispute is not based on the consensual lien, but rather on the circumstances surrounding the performance of the development agreement.
The nature of APA's claim against the partnership, in essence, is a suit for the imposition of an equitable lien. See Hullum v. Bre-Lew Corporation, 93 So.2d 727 (Fla.1957). Although an equitable lien does not exist for purely contractual services performed in connection with the sale of real property under normal conditions,[3] in this case because of the provisions of the development agreement, it appears APA by express contract has been given such a right. See Blumin v. Ellis, 186 So.2d 286 (Fla. 2d DCA 1966). Thus, APA has established a sufficient nexus between the property filed against and the dispute embodied in its lawsuit. Although not entitled to lis pendens as of right, it is entitled to maintain its lis pendens filing under the direction and control of the trial court. See Chiusolo v. Kennedy, 614 So.2d 491 (Fla.1993). On remand, the trial court should exercise its discretion concerning the posting of a bond or imposition of other conditions or limitations. See Christian v. Sanderhoff, 731 So.2d 804 (Fla. 4th DCA 1999); Taylor v. Cesery, 717 So.2d 1112, 1115 (Fla. 1st DCA 1998); Daugharty v. Daugharty, 502 So.2d 1289, 1291 (Fla. 1st DCA 1987).
Petition for Writ of Certiorari GRANTED.
THOMPSON, C.J., and PETERSON, J., concur.
NOTES
[1] We have granted certiorari review of orders which dissolve lis pendens and require bonds, as well as orders which do not require bonds. See Lennar Florida Holdings, Inc. v. First Family Bank, 660 So.2d 1122 (Fla. 5th DCA 1995); Gay v. Gay, 604 So.2d 904 (Fla. 5th DCA 1992); C.W. Bailey v. Rolling Meadow Ranch, Inc., 566 So.2d 63 (Fla. 5th DCA 1990); Mohican Valley, Inc., v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984); State-Wide Construction, Inc. v. Dowda, 424 So.2d 198 (Fla. 5th DCA 1983); Florida Peach Corp. of America Int'l. Div. v. Lurie, 411 So.2d 339 (Fla. 5th DCA 1982). However, other courts review such cases as non-final appeals under Florida Rule of Appellate Procedure P. 9.130(a)(3)(B). See Taylor v. Cesery, 717 So.2d 1112 (Fla. 1st DCA 1998); Moss v. Arca Dev., Inc., 687 So.2d 70 (Fla. 3d DCA 1997); Medical Facilities Dev., Inc. v. Little Arch Creek Properties, Inc., 656 So.2d 1300 (Fla. 3d DCA 1995); Roger Homes Corp. v. Persant Construction Co., 637 So.2d 5 (Fla. 3d DCA 1994); Lakeview Townhomes at the California Club, Inc. v. Lakeview of the California Club Homeowners Ass'n, Inc., 579 So.2d 290 (Fla. 3d DCA 1991); Daugharty v. Daugharty, 502 So.2d 1289 (Fla. 1st DCA 1987); Commodore Plaza At Century 21 Condominium Ass'n, Inc. v. Century 21 Commodore Plaza, Inc., 290 So.2d 539 (Fla. 3d DCA 1974); Smith v. W.O.C., Inc., 268 So.2d 181 (Fla. 3d DCA 1972); Chapman v. L & N Grove, Inc., 244 So.2d 154 (Fla. 2d DCA 1971). The differing scope of review in certiorari cases as compared with non-final appeals suggests potential inequities and a need for resolution of the discrepancy.
[2] § 48.23(2), Fla. Stat..
[3] See Carter v. Suggs, 190 So.2d 784 (Fla. 1st DCA 1966).