PER CURIAM.
The Cohens, Merrill and Madeline, were embroiled in a bitter divorce. While the petition for dissolution was pending, the husband, Merrill S. Cohen, died. Mr. Cohen’s daughter, as the personal representative of his estate, has been substituted.
In her amended petition, along with the dissolution claims, Mrs. Cohen added counts for civil theft, conspiracy, and counts to set aside various fraudulent transfers she alleges Mr. Cohen made during the marriage.
Mr. Cohen, through his personal representative, seeks certiorari review of the trial court’s order denying their motion for discharge of a lis pendens and/or to compel the immediate posting of an adequate cash bond and for sanctions.
While three issues are raised, we believe that one is dispositive.
From the record before this court, Ms. Cohen filed a notice of lis pendens directed to members of Mr. Cohen’s family whom she alleged had acquired his ownership interest in real property owned by a corpo *1194 ration named M.I.M.E., Inc. In the action below, Mrs. Cohen contends that the property is a marital asset and seeks to set aside the transfer of real property. On the record Mr. Cohen was one of three shareholders of M.I.M.E., Inc. Although, M.I.M.E., Inc. owns the subject property, it has never been joined as a party in the action below.
Consequently, counsel for Mr. Cohen’s estate argued below, and to this court, that the lis pendens should be discharged, in part, because the property owner, M.I.M.E., Inc., was not joined in the action below. We agree and reverse.
In M.G. Marine Supply Corporation v. Foreign Trade, Inc., 537 So.2d 696 (Fla. 3d DCA 1989), the Third District, relying upon this court’s decision in Leader Mortgage Co. v. Rickards Electric Service, 348 So.2d 1202 (Fla. 4th DCA 1977), held that where the titleholder of the subject property, who was the appellant in the appeal, but was not in the action below, was not named a party defendant in the complaint, the lis pendens is thereon entirely without legal basis.
In the present case, the titleholder to the real estate, M.I.M.E., Inc., has not been joined in the complaint below. As such, under M.G. Marine Supply Corporation, the subject lis pendens is entirely without legal basis and is therefore discharged.
POLEN, C.J., FARMER and KLEIN, JJ., concur.