ALTENBERND, Judge.
Alex Bistricer, as limited partner of Gulf Island Resort, L.P., and Gulf Island Resort, L.P., appeal a “Summary Final Judgment” entered in favor of William and Cathy Palmer. The underlying action to “quiet title,” which was filed in March 2008 by Mr. Bistricer and the limited partnership, challenged the validity of a deed that transferred property to the Palmers in March 2003.[1] The Palmers obtained the summary judgment on the theory that the action was barred by the four-year statute of limitations applicable to actions alleging fraud. See § 95.11(3)(j), Fla. Stat. (2002). We reverse. Although the complaint to quiet title may be poorly drafted, and although Mr. Bistricer and the limited partnership may have been defrauded by a third party, this is an action to recover real property. It does not allege fraud in law or equity. Therefore, it cannot be barred by this statute of limitations.
According to the complaint, Mr. Bistri-cer was a limited partner of Gulf Island Resort, L.P. This limited partnership owned certain condominium units in a project known as Gulf Island Resort in Pasco County, Florida. The general partner in this limited partnership was Gulf Island Resort, Inc. The shares of stock in the corporation were owned by three men— Mr. Bistricer, Eisi Markovitz, and Robert Fireworker. Allegedly, the three men entered into a written “restrictive covenant agreement” in 1996. This agreement specified that all closings for the limited partnership would be conducted by a certain title insurance company and that no property would be sold unless all three men signed the deed or unanimously agreed in writing to the transfer of property.
At some time between 1996 and 2003, Mr. Markovitz allegedly filed improper documents with the Florida Secretary of State making it appear that he was the sole officer of the corporation and changing the address of the corporation to his home address. In March 2003, he alone signed a deed to transfer a condominium unit owned by the limited partnership to the Palmers. In their complaint, Mr. Bis-tricer and the limited partnership, in essence, maintained that the Palmers’ deed to the property was voidable because it was not signed by a person legally authorized to transfer title for property owned by the limited partnership and because the Palmers knew or were on constructive notice of this fact.
The sole issue before this court is whether this action to quiet title is barred by the statute of limitations for actions *1233 alleging fraud.[2] The trial court benefitted this court with the reasoning underlying its decision. It explained that the claim, although captioned as an action to quiet title, was “primarily founded on allegations of fraudulent misconduct.” Relying on dicta in Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984), the trial court concluded that it should treat the action as one for fraud and apply the four-year statute of limitations that controls actions for fraud.[3]
The problem with this reasoning is that the complaint simply does not allege a claim in fraud. It does not allege that the Palmers misrepresented anything to Mr. Bistricer or to the limited partnership. It does not allege that anyone relied on any misrepresentation by the Palmers. If the Palmers believed that the complaint did not allege a claim to quiet title and that Mr. Bistricer’s proper remedy was a claim of fraud against some third party, they should have filed a motion to dismiss the complaint for failure to state a cause of action. They simply could not file a motion for summary judgment on the theory that a different complaint would have been barred by the statute of limitations for fraud.
We are aware that Mr. Bistricer has filed similar actions against others who took title to condominium units by deeds signed by Mr. Markovitz. See Bistricer v. Nitchie, 88 So.3d 158 (Fla. 2d DCA 2011) (table decision).[4] In the other actions, attempts to apply the statute of limitations for fraud were rejected by another circuit court judge in Pasco County. In at least one action, Mr. Bistricer suffered a summary judgment because he could not present any evidence that the purchasers were aware that the deed was unauthorized. Id. Thus, although we reverse and remand for further proceedings, Mr. Bistricer and the limited partnership face many challenges in this proceeding.
Reversed and remanded.
DAVIS and VILLANTI, JJ„ Concur.

. The complaint was subsequently amended, but the amendments do not alter our disposition in this appeal. For the purpose of this opinion, we refer to both pleadings as the "complaint.”

. At this juncture of the case, we emphasize that Mr. Markovitz and Mr. Fireworker are not parties to this action and that we have no basis to know whether any of the allegations made by Mr. Bistricer and the limited partnership are true. Moreover, whether the facts as alleged would be sufficient to authorize an action to quiet title is not an issue presented by this appeal. We have no need to decide what statute of limitations might be applicable to this action.

. The time within which to commence an action alleging fraud begins to run at the point where the plaintiff discovers or should have discovered the facts giving rise to the claim. § 95.031(2)(a), Fla. Stat. (2002). Apparently, the trial court determined that Mr. Bistricer and the limited partnership discovered or should have discovered this fraud within a year of the execution of the disputed deed.

.Consolidated case numbers 2D 10-3901 and 2D 10-3904 were affirmed without a written opinion in Bistricer, 88 So.3d 158. However, some of the filings from those cases were presented to the trial court in the present matter, and they are contained in this court’s appellate record. Additionally, we have taken judicial notice of our files in case numbers 2D 10-3901 and 2D10-3904.