244 So.2d 154 (1971)
Robert L. CHAPMAN, Jr. and Elisabeth T. Chapman, His Wife, Edward V. Pollard and Dorothy M. Pollard, His Wife, Carl M. Voyles, Jr. and Florence Voyles, His Wife, Robert L. Dawson and Dreamah Dawson, His Wife, and the Etoway Company, a Georgia Corporation, Appellants,
v.
L & N GROVE, INC., a Florida Corporation, and Paul L. Curtis and Sarah L. Curtis, His Wife, Appellees.
No. 70-710.
District Court of Appeal of Florida, Second District.
February 10, 1971.
J. Thomas Cardwell and Gregory A. Presnell, of Akerman, Senterfitt, Eidson & Wharton, Orlando, for appellants.
Salvatore R. Scarito, of Fernandez & Scarito, Orlando, for appellees.
PIERCE, Chief Judge.
Appellants Chapman and wife, Pollard and wife, Voyles and wife, Dawson and wife, and The Etoway Company, a Georgia corporation (hereinafter plaintiffs) have taken this interlocutory appeal to review an order of the Lake County Circuit Court requiring plaintiffs to file an Indemnity Bond in favor of appellees L & N Grove, Inc., a Florida corporation, and Paul L. Curtis and his wife (hereinafter defendants), as a condition for a continuance of record for the lis pendens theretofore filed by plaintiffs in the cause therein pending.
On August 14, 1970, plaintiffs filed complaint seeking the equitable rescission and cancellation of a deed and for ancillary relief, based upon a breach of fiduciary duty allegedly owed by defendant Curtis to plaintiffs as a broker with respect to the sale of certain real property described in the lis pendens.
On August 24, 1970, the Court heard adversary argument on defendants' motion *155 to dissolve the lis pendens which plaintiffs had filed in connection with the complaint. At the conclusion of the hearing the Court requested written memoranda from respective counsel. On September 3, 1970, order was entered requiring plaintiffs to post a bond in the amount of $199,500.00 within ten days thereafter, otherwise the lis pendens would be dissolved and discharged. No testimony was apparently taken with respect to the amount of said bond.
The amended complaint alleged that on November 1, 1966, plaintiffs were the owners of a described parcel of real estate in Lake County; that about that time defendant Curtis, for purpose of inducing plaintiffs to sell the property, made certain false and fraudulent representations to plaintiffs concerning the property with respect to its intended use by the prospective buyers, namely, its use for citrus production; that in his capacity as a real estate broker Curtis induced plaintiffs to agree to sell the property for an agreed commission of 6% of the sale price; that Curtis was thereupon the agent of plaintiffs in said sale and therefore "was held to the highest fiduciary duty to plaintiffs to make a full disclosure as to all material facts and circumstances pertaining to said property and its value"; that the representations of Curtis were wholly false in that he knew that a cloverleaf intersection was to be constructed on a U.S. highway immediately adjacent to the property, "which said interchange and cloverleaf would inflate and appreciate the value of said property to be sold, and greatly enhance its ultimate value"; that said facts "were peculiarly within the knowledge" of Curtis and were not transmitted or made known to plaintiffs as his principals who were wholly unfamiliar with such intended project and who "placed full confidence in the representations made to them" by Curtis and would not have contracted to sell the property to L & N Grove, Inc. had it not been for such representations by Curtis to plaintiffs; and that shortly after plaintiffs had executed warranty deed to L & N Grove for the property, L & N Grove conveyed it to Curtis, which deed to Curtis individually "was executed by Paul L. Curtis as President of L & N Grove, Inc." Plaintiffs prayed that the contract for sale and conveyance of the property "be declared by this Court to be null and void".
As hereinbefore stated, plaintiffs filed a lis pendens at the time they filed suit.
On or about August 21, 1970, defendants L & N Grove and the Curtises filed motion to dissolve the lis pendens on the sole ground that "plaintiffs are not entitled to have said Lis Pendens filed on record against said land without provision indemnifying the Defendants for the loss of any sale or the damage that may result should the Plaintiffs prove unsuccessful in the present litigation".
On September 3, 1970, the Court entered order requiring plaintiffs, within ten days from that date, to file an indemnity bond in favor of defendants in the sum of $199,500.00, "the condition of which would be to indemnify" said defendants "from any loss resulting from the wrongful filing of said Lis Pendens should the plaintiffs be unsuccessful in their present litigation"; and upon failure to file such bond the local Circuit Clerk was "directed to discharge the same from public record". Plaintiffs appealed interlocutorily from said order and contend here that the trial Court was without legal authority to impose such condition of bond requirement to plaintiffs' lis pendens. We agree and reverse.
The subject of lis pendens, although derived from the common law, is wholly statutory in Florida. The pertinent part of F.S. § 48.23 F.S.A., the Lis Pendens statute, is set forth in the margin.[1]
*156 It will be observed from a study of F.S. § 48.23 F.S.A. that 
(a) In the event suit is filed affecting any property a notice of lis pendens must be filed in the local circuit clerk's office, showing the name of the court wherein the action is pending, a description of the property involved or affected, and a statement of the relief sought; that
(b) Such notice of lis pendens shall be effectual for one year from the date the legal action is commenced, except that where the relief sought is disclosed by the initial pleading in the case to be founded on a duly recorded instrument the court may extend such time on reasonable notice, for good cause, and upon such terms as justice required; that
(c) When it does not appear from the initial pleading that the action is founded on a duly recorded instrument, the court may control and discharge the lis pendens as it may grant and dissolve injunctions; and that
(d) The period or periods of time mentioned does not include the period of pendency of appellate court proceedings.
The defendants contended in the trial Court and also here that (1) the complaint did not show that the plaintiffs' action was "founded on a duly recorded instrument," (2) that the Court therefore had authority to "control and discharge the notice of lis pendens" in the same manner as it could "grant and dissolve injunctions", and (3) that therefore the order of Court requiring defendants to post a heavy bond to indemnify defendants in the event of an adverse judgment was within the orbit of the Court's authority. Defendants' reasoning, both as it pertains to provisions of the statute and as to the legal effect of the contract between the parties, is fallacious in several respects.
In the first place, plaintiffs' complaint, as the initial pleading in the cause, shows that the relief therein sought was "founded on a duly recorded instrument", namely, the deed which was allegedly obtained by fraud and which was sought to be rescinded and cancelled. We may interpose here to mention that we are not here concerned with what might happen in the law suit, or who might or might not ultimately prevail. We can only be concerned here with the "relief sought [as] disclosed by the initial pleading", towit, plaintiffs' complaint.
In the second place, the statute itself makes the filing of such undischarged notice of lis pendens "effectual for any purpose" up to one year "from the commencement of the action". Here the notice of lis pendens was filed and recorded on August 14, 1970. Therefore the notice had legal vitality until August 14, 1971, unless sooner discharged by due process of law.
In the third place, the provisions of the statute regarding the "control and discharge [of] the notice of lis pendens" obviously *157 refers to a situation where the initial pleading "does not show that the action is founded on a duly recorded instrument", which, as hereinbefore observed, is negated by the record facts.
The foregoing renders immaterial any consideration of the question of exercise of discretion on the part of the trial Judge. The record filed here makes it clear that, at the time the Judge's order was entered on September 3, 1970, no authority existed for imposing upon plaintiffs the condition of posting an indemnity bond as a condition for maintenance of the lis pendens. Accordingly the interlocutory order appealed from is reversed with directions that further proceedings herein be had not inconsistent herewith.
LILES and HOBSON, JJ., concur.
NOTES
[1] § 48.23 Lis Pendens

(1) (a) No action in any of the state * * * courts * * * operates as a lis pendens on any real or personal property involved therein or to be affected thereby until a notice of the commencement of the action is recorded in the office of the clerk of the circuit court of the county where the property is, containing the names of the parties, the time of institution of the action, the name of the court in which it is pending, a description of the property involved or to be affected and a statement of the relief sought as to the property.
* * * * *
(2) No notice of lis pendens is effectual for any purpose beyond one year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument, * * * except when the court extends the time on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.
(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, * * * the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
(4) This section applies to all actions now or hereafter pending in any state * * * courts in this state, but the period of time above mentioned does not include the period of pendency of any action in an appellate court.