397 So.2d 1053 (1981)
BOCA RATON LAND DEVELOPMENT, INC., Appellant,
v.
John B. SPARLING and George H. Sparling, III, Appellees.
No. 80-1050.
District Court of Appeal of Florida, Fourth District.
May 13, 1981.
Joel D. Kenwood of Baskin & Sears, Palm Beach, for appellant.
Robert A. Eisen of Reynolds & Marchbanks, Boca Raton, for appellees.
DOWNEY, Judge.
Boca Raton Land Development, Inc. (hereafter the corporation) began this proceeding as an interlocutory appeal from an order of the trial court discharging a lis pendens. John B. Sparling and George H. Sparling, III, filed a motion to strike the interlocutory appeal. This court denied the motion, but ordered that the matter proceed as a petition for writ of certiorari. Cooper Village Inc. v. Moretti, 383 So.2d 705 (Fla. 4th DCA 1980).
The corporation filed an action in the circuit court to quiet its title to certain described real property. The complaint describes the manner in which the corporation asserts it deraigned title to said property and claims that it is the lawful owner thereof. The complaint goes on to allege that Lawrence W. Urbanek, purporting to act as the corporation's president, fraudulently executed a deed conveying the property to himself; however, Urbanek never was the president of the corporation, and the conveyance was without authority or consideration. Finally, the complaint alleges that the Sparlings were mere nominees for Urbanek and that the Sparlings knew, or should have known, of the fraud perpetrated by Urbanek.
Upon filing the complaint, the corporation also filed a notice of lis pendens. Several months after the suit was commenced the Sparlings filed a motion to discharge the notice of lis pendens. After a hearing on said motion at which George Sparling, *1054 III, testified the court entered an order discharging the lis pendens. These proceedings followed.
The authority governing the filing and discharge of a lis pendens is Section 48.23, Florida Statutes (1979). The statute provides essentially that no action in any state or federal court operates as a lis pendens until a notice of the action is recorded in the office of the clerk of the circuit court of the county wherein the property is located. The filing of an appropriate notice constitutes a bar to the enforcement against the property of any liens and levies unrecorded at the time of the filing of the notice of lis pendens unless a lienholder intervenes in the cause. A notice of lis pendens is effective for a period of one year "unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument, or on a mechanic's lien claimed against the property involved except when the court extends the time on reasonable notice and for good cause shown." Section 48.23(2), Florida Statutes (1979). When the initial pleading does not show the action was founded on a duly recorded instrument, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
The corporation contends that the initial pleading in this cause shows the action is founded on duly recorded instrument, the deed purportedly conveying the property in question to Urbanek. Furthermore, the corporation takes the position that a proper interpretation of the statute compels the following conclusion: when the initial pleading shows an action is founded upon a duly recorded instrument a plaintiff is entitled to the maintenance of a lis pendens as a matter of right; thus, the provision authorizing the court to control and discharge the lis pendens as the court may grant and dissolve an injunction never comes into play.
In our judgment, the corporation's contentions are sound. We therefore conclude that the trial judge erred in discharging the lis pendens. Whether the corporation will be successful in its suit is not the test to determine the validity of the lis pendens. Under the circumstances of the case, the corporation was entitled to maintain the lis pendens, and the court was powerless to control or discharge it. Chapman v. L & N Grove, Inc., 244 So.2d 154 (Fla. 2nd DCA 1971).
Accordingly, we grant the petition for writ of certiorari, quash the order under review, and remand the cause to the trial court with directions to reinstate the notice of lis pendens.
LETTS, C.J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, J., dissenting:
I cannot agree that the petitioners' action was predicated on a recorded instrument. Rather, the action was predicated on a claim of fraud and sought to void the deed conveying the property in question to Urbanek. This is quite the contrary of predicating an action on that deed. Under these circumstances I believe the trial court was authorized to treat this matter as he would a claim for injunctive relief, and finding no abuse of discretion in the trial court's action, I would affirm the order discharging the lis pendens. See Beefy King International, Inc. v. Veigle, 464 F.2d 1102 (5th Cir.1972).