421 So.2d 708 (1982)
Fred C. HOUGH and L.H. Hough, Petitioners,
v.
Louis T. BAILEY, T.B.F. Properties, Inc., and Eugene Loftin, Respondents.
No. AM-269.
District Court of Appeal of Florida, First District.
November 9, 1982.
Carl D. Dawson of Dawson, Galant, Sulik, Nichols & Levy, P.A., Jacksonville, for petitioners.
Gregory W. Johnson of Weil, Johnson & Benson, Jacksonville, for respondents.
MILLS, Judge.
The Houghs sought to appeal an interlocutory order dissolving a lis pendens. We have treated the appeal as a petition for a writ of certiorari. Cooper Village v. Moretti, 383 So.2d 705 (Fla. 4th DCA 1980). We grant the petition and reverse the order.
The Houghs filed a complaint seeking specific performance of an agreement and reformation or cancellation of several deeds as fraudulent. The underlying agreement was between the parties, arising from their relationship as defendants in another suit. This agreement has not been recorded with the clerk of the court as registrar of deeds. Bailey then transferred the subject property to T.B.F. Properties in a recorded instrument. T.B.F. has further alienated the subject *709 property in recorded instruments. A lis pendens was filed on all the subject property.
We are faced with an attack on recorded instruments based on a nonrecorded document. We are called on to first decide if the action is "founded" on a recorded instrument within the meaning of Section 48.23(3), Florida Statutes (1981), and, secondly, if not, to interpret "the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions."
The trial court apparently found that this action was not so "founded." We agree. Hough, citing Boca Raton Land Dev. v. Sparling, 397 So.2d 1053 (Fla. 4th DCA 1981), argues that an action seeking to set aside a fraudulent deed is founded upon that deed. We are not persuaded. "Founded upon" is commonly used synonymously with "based upon." It suggests that the right asserted arose from the recorded instrument. The asserted right in this case arose from an unrecorded contract, so it was not so founded.
We turn to the impact of Section 48.23(3) upon a lis pendens when the action is not founded upon a recorded instrument. In Kirk v. Baumann, 336 So.2d 125 (Fla. 2d DCA 1976), the Second District Court of Appeal held that a lis pendens could not be filed under these circumstances without a prior order of court. We think that the better view is that of Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA 1981):
[W]e hold that the notice of lis pendens was not subject to motion to discharge simply because there was no hearing prior to its recording. The notice was, however, subject to the trial court's control as in the case of an existing injunction. Therefore the burden was on the moving party to establish that the lis pendens was inappropriate to the circumstances and cause of action stated in the complaint.
An existing lis pendens will be inappropriate under the same circumstances that an existing injunction would be inappropriate. Since the court below made no findings on appropriateness, instead dismissing in reliance on Kirk, we reverse the order and remand so that findings on the appropriateness of a continued lis pendens can be made. Whatever further proceedings are needed for this may be held.
The petition for writ of certiorari is granted, the order is reversed, and the case is remanded.
WIGGINTON, J., concurs.
ERVIN, J., dissents with opinion.
ERVIN, Judge, dissenting.
I respectfully dissent to the majority's opinion granting the petition for writ of certiorari. We previously stated in Gadsden County Times, Inc. v. Horne, 382 So.2d 347, 348 (Fla. 1st DCA 1980), that
[c]ertiorari will be granted only in cases in which it clearly appears that there is no full, adequate and complete remedy available to the petitioner by appeal after final judgment, as where (a) the trial court has acted without or in excess of its jurisdiction, or (b) its order does not conform to the essential requirements of law and may cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate. Pullman Company v. Fleishel, 101 So.2d 188 (Fla. 1st DCA 1958); Tallahassee Democrat v. Pogue, 280 So.2d 512 (Fla. 1st DCA 1973); and West Volusia Hospital Authority v. Williams, 308 So.2d 634 (Fla. 1st DCA 1975).
Moreover we recognized that as a general rule, "the burden, vexation, or hazard of defending litigation does not furnish a basis for certiorari intervention... ." Id.
In the present case, the trial judge based his order striking the lis pendens on the authority of Kirk v. Baumann, 336 So.2d 125 (Fla. 2d DCA 1976); consequently there was clear-cut authority supporting his determination. Whether we consider the view of Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA 1981), the better view than that of Kirk is immaterial to a consideration of whether or not certiorari review should be *710 granted. In my judgment there has been no showing that the trial judge either acted without or in excess of his jurisdiction, or that his order fails to conform to the essential requirements of law. I would therefore deny the petition for writ of certiorari.