464 So.2d 1356 (1985)
BERKLEY MULTI-UNITS, INC., et al., Petitioners,
v.
Dennis G. LINDER, et al., Respondents.
No. 84-1320.
District Court of Appeal of Florida, Fourth District.
March 20, 1985.
*1357 Wayne Carson of Bernstein, Bernstein & Stein, Fort Lauderdale, for petitioner Berkley Multi-Units, Inc.
Steven I. Greenwald of Law Offices of Steven I. Greenwald, P.A., Boca Raton, for petitioners Gary Allen, Victor Bergelson and Florida Consolidated Equities Corp.
Robert A. Eisen of Marchbanks, Eisen & Feaman, P.A., Boca Raton, for respondents.
EN BANC.
HERSEY, Judge.
This case presents the recurring problem which confronts trial courts when application is made for dissolution of a notice of lis pendens.
The statute is rather straightforward and provides in the subsection material in these cases:
(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
§ 48.23(3), Fla. Stat. (1983). The concept which has created some difficulty for litigants and courts is "action ... founded on a duly recorded instrument."
The purpose of a notice of lis pendens is to alert creditors, prospective purchasers and others to the fact that the title to a particular piece of real property is involved in litigation. In the case of a mortgage foreclosure the recorded mortgage is notice that if the mortgagor-property owner fails to make payments or otherwise defaults under the terms of the mortgage and underlying promissory note the mortgagee may bring an action to foreclose the mortgage. In such an action the mortgagee is the plaintiff and because his claim or interest is already a matter of public record by virtue of the recorded mortgage, when the foreclosure action is filed he is entitled as of right to file a notice of lis pendens. An action to foreclose a mortgage on real property is an action "founded on a duly recorded instrument."
In contrast, the recording of a conveyance such as a warranty deed serves as notice that the grantor has relinquished to the grantee all of his right, title and interest in the real property. The "recorded instrument" is notice of the grantee's ownership and therefore interest in the real property. It also serves as notice that the grantor no longer has any interest in the real property. If it is later claimed by the grantor that the grantee fraudulently or otherwise wrongfully obtained title and an *1358 action is brought to rescind the deed, the plaintiff is not entitled as of right to file a notice of lis pendens. The action is not founded on the deed but on circumstances preceding and surrounding the execution of the deed. A notice of lis pendens alerts to the possibility of rescission of the deed, a cloud on title not evident from inspection of the bare deed on the public records. Because of its potential to cloud title it is subject to scrutiny by the court for the protection of the title, the property owner, and existing lienholders, as well as the interests of the plaintiff. Thus, the statute requires that the court "control and discharge the notice of lis pendens as the court may grant and dissolve injunctions."
With few exceptions (one such exception emanating from this court), the cases have consistently so interpreted the statute. Feinstein v. Dolene, Inc., 455 So.2d 1126 (Fla. 4th DCA 1984); Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984); Kent v. Kent, 431 So.2d 279 (Fla. 5th DCA 1983); Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA 1982); Glusman v. Warren, 413 So.2d 857 (Fla. 4th DCA 1982).
Florida Peach Corp. of America v. Lurie, 411 So.2d 339 (Fla. 5th DCA 1982) (receded from in Mohican Valley), and Chapman v. L & N Grove, Inc., 244 So.2d 154 (Fla. 2d DCA 1971), represent the contrary view, as does our own case of Boca Raton Land Development, Inc. v. Sparring, 397 So.2d 1053 (Fla. 4th DCA 1981). To the extent that Sparling is inconsistent with the views expressed in this opinion we recede therefrom.
The present actions involving numerous parties evolved from a nine-count complaint seeking rescission and other relief based upon allegations of fraud and conspiracy. A notice of lis pendens was filed with the original complaint. A motion to dissolve the notice of lis pendens was denied, the trial court determining that the notice was maintainable as a matter of right on the authority of Sparling. The trial court did not have the benefit of our opinion in Feinstein, 455 So.2d at 1126, which was published subsequent to the hearing on the motion to dissolve the notice of lis pendens. We do not, obviously, fault the trial judge who correctly followed then-available precedent in consideration and disposition of the motion. The defendants then filed the petition for writ of certiorari which we here consider.
Maintenance of the notice of lis pendens as a matter of right and without consideration of the requirement of bond and other protections available in an injunction setting constitutes a departure from the essential requirements of the law for which no adequate remedy on plenary appeal is available. Accordingly, we quash the order under review and remand for reconsideration and compliance with section 48.23(3), Florida Statutes (1983).
CERTIORARI GRANTED; ORDER QUASHED; REMANDED.
ANSTEAD, C.J., and DOWNEY, GLICKSTEIN, HURLEY, DELL, WALDEN and BARKETT, JJ., concur.
LETTS, J., dissents without opinion.