468 So.2d 1109 (1985)
ALBEGA CORPORATION and June D. Hall, Appellants,
v.
Kathleen H. MANNING and William J. Hall, Appellees.
No. AZ-320.
District Court of Appeal of Florida, First District.
May 21, 1985.
William R. Blackard, Jr., Jacksonville, for appellants.
No appearance for appellees.
ZEHMER, Judge.
Albega Corp. and June D. Hall appeal an interlocutory order striking a notice of lis pendens as to counts 1 and 3 of their three-count *1110 complaint. The question presented is whether the trial court departed from the essential requirements of law in striking the notice as to count 1 of the complaint. Petitioner does not contend there was error in striking the notice as to the tort claim alleged in count 3. We treat the appeal as a petition for writ of certiorari. Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA 1982).
Petitioners seek, in count 1, recession of an agreement for deeds and recission and cancellation of warranty deeds conveying certain properties pursuant thereto. Count 2 seeks, in the alternative, to foreclose on the agreement for deeds. At the time the instant action was filed, both the agreement for deeds and the deeds had been duly recorded. The trial court let the notice of lis pendens stand as to count 2 and stated no reason for striking the notice as to count 1.[1]
Section 48.23(2), Florida Statutes (1983), provides that in any action involving real or personal property:
No notice of lis pendens is effectual for any purpose beyond one year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument ... except when the court extends the time on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.
Section 48.23(3) provides:
When the initial pleading does not show that the action is founded on a duly recorded instrument ... the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
In accordance with these provisions, the court has no authority to require an indemnity bond as a condition of the lis pendens if the action is based on a duly recorded instrument. Florida Peach Corp., etc. v. Lurie, 411 So.2d 339 (Fla. 5th DCA 1982). When the initial pleading shows that an action is founded upon a duly recorded instrument, plaintiff is entitled to maintain the lis pendens as a matter of right, and the provision authorizing the court to control and discharge the lis pendens, as in the case of injunctions, is inapplicable. Boca Raton Land Development, Inc. v. Sparling, 397 So.2d 1053 (Fla. 4th DCA 1981).
As long as the petitioners were seeking rescission and cancellation of an unrecorded agreement for deeds or, alternatively, enforcement of the unrecorded agreement, the action was not founded upon a recorded instrument and the notice of lis pendens was subject to control by the court. Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA 1982). But that is no longer the situation in the existing action because the agreement for deeds had been recorded at the time the instant complaint was filed. Accordingly, we conclude that this action to rescind and cancel the recorded agreement for deeds and the recorded deeds conveying property pursuant thereto is founded upon a recorded instrument and that, as a consequence, the court below departed from the essential requirements of law in striking petitioner's notice of lis pendens predicated on count 1 of the complaint. Accord, Boca Raton Land Development, Inc. v. Sparling, 397 So.2d 1053 (Fla. 4th DCA 1981) (action to quiet title to certain described real property based on claim that recorded deed showing ownership in the defendant was fraudulently executed is founded upon a recorded instrument); Chapman v. L & N Grove, Inc., 244 So.2d 154 (Fla. 2d DCA 1971) (suit for equitable rescission and cancellation of duly recorded deed on grounds it was fraudulently obtained is action *1111 founded on a duly recorded instrument). But see, Kent v. Kent, 431 So.2d 279 (Fla. 5th DCA 1983).
The petition for writ of certiorari is granted, and that portion of the order under review striking the notice of lis pendens as to count 1 is quashed.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] In a prior action based on an almost identical complaint filed before the agreement for deeds had been recorded, the trial court ordered petitioners to post a $150,000 bond as a condition to continuing the notice of lis pendens in effect beyond the period of one year. Petitioners voluntarily dismissed that action pursuant to rule 1.420(a)(1), Florida Rules of Civil Procedure and, after recording the agreement for deeds, refiled the pending action. In deciding the question before us, we attach no significance to the voluntary nonsuit and refiling of the instant action, as petitioners claim the notice of lis pendens is effective only from the date of filing the second action after recording the agreement.