COWART, Judge.
Respondents, as plaintiffs, filed an action for the specific performance of an unrecorded agreement for the conveyance of land and filed a notice of lis pendens. The petitioners petition this court for a writ of certiorari alleging that the trial court departed from the essential requirements of law in denying the motion for discharge of the lis pendens “without consideration of the requirement of a bond and other protections available to Petitioners.”
The problem is that before the trial court petitioners cited Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA 1982), rev. den., 441 So.2d 614 (Fla.1983), and argued that the respondents were entitled to no lis pen-dens because their cause of action was not based on a recorded instrument. The trial court properly rejected that argument. The petitioners did not request the trial court to require the respondents to post bond. While under section 48.23(3), Florida Statutes,[1] petitioners are entitled to such a *1362 bond to indemnify them from damages resulting from the wrongful imposition of the notice of lis pendens,[2] we cannot hold that the trial court departed from the essential requirements of law in not requiring the respondents to post such a bond when that relief was not properly requested by petitioners from the trial court and not denied by the trial court. Accordingly, we deny the petition for writ of certiorari without prejudice to the petitioners’ moving the trial court for an order requiring the respondents to post bond.
PETITION DENIED.
COBB, C.J., and DAUKSCH, J., concur.

. Section 48.23(3), Florida Statutes (1983), provides:
*1362 When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic’s lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.

. See Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984); Kent v. Kent, 431 So.2d 279 (Fla. 5th DCA 1983); Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356 (Fla. 4th DCA 1985); Feinstein v. Dolene, Inc., 455 So.2d 1126 (Fla. 4th DCA 1984).