PER CURIAM.
We hold that a lawsuit to quiet title to real property predicated on allegations of fraudulent conveyance and misrepresentation is not an “action ... founded upon a duly recorded instrument,” and therefore, a notice of lis pendens[1] filed in such an action is not “effectual for any purpose beyond one year from the commencement of the action ... except when the court extends the time on reasonable notice and for good cause.” § 48.23(2), Fla. Stat. (1985); see Ross v. Breder, 528 So.2d 64 (Fla. 3d DCA 1988); see also Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356 (Fla. 4th DCA 1985); Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984), receding from Florida Peach Corp. v. Lurie, 411 So.2d 339 (Fla. 5th DCA 1982).
We certify conflict with the first and second districts, Albega Corp. v. Manning, 468 So.2d 1109 (Fla. 1st DCA 1985); Chapman v. L & N Grove, Inc., 244 So.2d 154 (Fla. 2d DCA 1971), and certify the following question as being of great public importance:
WHETHER A SUIT TO SET ASIDE A CONVEYANCE OF REAL PROPERTY IS AN ACTION “FOUNDED ON A DULY RECORDED INSTRUMENT” AS SET FORTH IN SECTION 48.23, FLORIDA STATUTES (1985), AUTHORIZING THE MAINTENANCE OF A NOTICE OF LIS PENDENS AS OF RIGHT.
Our resolution of this issue makes it unnecessary for us to reach the other points raised on appeal.
Reversed and remanded with instructions that the trial court deny the motion to quash Diamond’s writ of execution against the property, and grant Diamond’s writ of execution against the mortgage.

. The lis pendens on the subject property was filed by a party in a related case, American Legion, Dept. of Fla. v. Bill Adkins, et al., No. 84-25832, Dade County Circuit Court.