561 So.2d 268 (1990)
AMERICAN LEGION COMMUNITY CLUB, Petitioner,
v.
Murray DIAMOND, Respondent.
ARMANDA E. LACASA, P.A., Petitioner,
v.
Murray DIAMOND, Respondent.
Nos. 74215, 74501.
Supreme Court of Florida.
May 10, 1990.
*269 James W. Moore of Taylor, Brion, Buker & Greene, Miami, for American Legion Community Club of Coconut Grove, Inc.
Armando E. Lacasa of Armando E. Lacasa, P.A., Coral Gables, pro se.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for respondent.
OVERTON, Judge.
We have for review Diamond v. American Legion Community Club, 544 So.2d 239 (Fla. 3d DCA 1989), in which the Third District Court of Appeal certified the following question as one of great public importance:
WHETHER A SUIT TO SET ASIDE A CONVEYANCE OF REAL PROPERTY IS AN ACTION "FOUNDED ON A DULY RECORDED INSTRUMENT" AS SET FORTH IN SECTION 48.23, FLORIDA STATUTES (1985), AUTHORIZING THE MAINTENANCE OF A NOTICE OF LIS PENDENS AS OF RIGHT.
Id. at 240. We have jurisdiction.[1] We answer the question in the negative.
The real issue in this cause concerns the circumstances under which a lis pendens[2] is allowed to remain in effect as of right beyond one year. To answer this question, we must construe section 48.23, Florida Statutes (1985), which states, in pertinent part:
(2) No notice of lis pendens is effectual for any purpose beyond 1 year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument ... except when the court extends the time on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.
(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
(Emphasis added.)
The issue in this cause evolves from two lawsuits involving numerous parties. With regard to Suit I, American Legion Community Club leased real property to Murray Diamond pursuant to a lease agreement on February 1, 1980. On April 4, 1982, American Legion Community Club filed a complaint against Diamond to cancel the lease, asserting, in part, that the officers had no authority to lease the property. In response to the complaint, Diamond filed a counterclaim against American Legion *270 Community Club for breach of contract and specific performance. Additionally, Diamond instituted a third-party complaint against Del Rossi Enterprises, Inc., asserting that Del Rossi intentionally and maliciously interfered with the lease agreement between American Legion Community Club and Diamond. On August 29, 1983, the trial court found that the lease was valid. That same day, American Legion Community Club conveyed the property, subject to the existing lease, to Del Rossi. On November 13, 1984, the Third District Court of Appeal affirmed the trial court's findings in American Legion Community Club v. Diamond, 461 So.2d 130 (Fla. 3d DCA 1984), and remanded the cause for further proceedings on damage claims. On December 11, 1985, the trial court entered a final judgment for Diamond against Del Rossi for $1,500,000. Diamond recorded the judgment on December 17, 1985.
Suit II was commenced in July of 1984, when American Legion Department filed a complaint against Bill Adkins and American Legion Community Club. In count I of that complaint, American Legion Department sought ejection, alleging that Bill Adkins was holding himself out as post commander even though he had no authority to hold such office, that he was senile, that he had not mailed out membership cards despite the fact that the members had paid their dues, and that he was using the club as his residence. It alleged that "by virtue of the Constitution, By-laws, and the rules and regulations of the American Legion Department of Florida, it has the immediate right and control of the Defendant Post and its property, pursuant to Article X of the Constitution of the American Legion Department of Florida." In count I, the Department also alleged that title to the property was vested in the Department and that Adkins was a trespasser. In count II, the Department realleged the allegations of count I and sought a temporary mandatory injunction to quiet title. This initial complaint set forth the street address but not a legal description of the property involved. Eleven months later, on June 19, 1985, the trial court granted Del Rossi's motion to intervene and permitted American Legion Department to file an amended complaint. On June 27, 1985, American Legion Department filed a lis pendens which set forth the legal description of the property. On July 12, 1985, the Department filed an amended complaint, naming Del Rossi as an additional defendant and setting forth the legal description of the property. This complaint reiterated counts I and II from the initial complaint and added a third count which alleged that the Department was the equitable and legal titleholder of the property. It alleged that the warranty deed held by Del Rossi should be declared void on the basis that
it was in violation of the Constitution and By-laws of the Defendant American Legion Community Club of Coconut Grove, Inc. More specifically, the warranty deed was neither considered nor approved by the requisite number of members of the Executive Committee, Board of Directors, and Board of Trustees of the Defendant American Legion Community Club of Coconut Grove, Inc., and there was a total absence of consideration.
In Suit I, on November 19, 1987, which was more than two years after the lis pendens was filed in Suit II, Diamond requested the clerk to schedule the sale of the property described in the lis pendens to satisfy the judgment he had obtained against Del Rossi. The sale was scheduled for January 27, 1988. On December 21, 1987, American Legion Department and Del Rossi entered into a settlement agreement in Suit II, in which Del Rossi agreed to reconvey the property to American Legion Department in exchange for the Department's promise to pay $125,000 by a note and a mortgage to secure that note. On December 29, 1987, the trial court in Suit II entered a judgment pursuant to the settlement agreement. One week before the scheduled sale in Suit I, the trial court in that suit granted Del Rossi's motion to stay the sale. On March 31, 1988, Diamond filed in Suit I a motion for a writ of execution against the mortgage given by American Legion Department to Lacasa. In this motion, Diamond asserted that the *271 agreement to pay the $125,000 sum to Lacasa was a fraud on Del Rossi's creditors since Lacasa was to be compensated for his legal services only if a monetary settlement or a judgment was obtained.
In May of 1988, the trial court in Suit I addressed the question of whether the lis pendens in Suit II was still effective. There, it found that Suit II was founded upon a duly recorded instrument and concluded that the lis pendens automatically continued after one year, barring Diamond's enforcement of his judgment against the property. The trial court also found that the agreement between the parties concerning the money to be transferred to Lacasa was not fraudulent. Pursuant to these findings, the trial court in Suit I denied Diamond's motion for a writ of execution against the mortgage given Lacasa and granted Del Rossi's motion to stay the sale of the property.
On appeal from that order, the Third District Court of Appeal reversed the trial court, holding that
a lawsuit to quiet title to real property predicated on allegations of fraudulent conveyance and misrepresentation is not an "action ... founded upon a duly recorded instrument," and therefore, a notice of lis pendens filed in such an action is not "effectual for any purpose beyond one year from the commencement of the action... ."
544 So.2d at 240 (footnote omitted; citations omitted). The district court, in so holding, relied on Ross v. Breder, 528 So.2d 64 (Fla. 3d DCA 1988); Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356 (Fla. 4th DCA 1985); and Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984). In its decision, the court expressly noted conflict with Albega Corp. v. Manning, 468 So.2d 1109 (Fla. 1st DCA 1985), and Chapman v. L & N Grove, Inc., 244 So.2d 154 (Fla. 2d DCA 1971), and certified the question to us as one of great public importance.
The question we must determine is whether the amended complaint in Suit II, which sought to void the warranty deed on the ground that the officers did not comply with American Legion Community Club's constitution, rules and regulations, and by-laws, is an action founded on a duly recorded instrument pursuant to section 48.23.
As indicated in the district court's opinion in this cause, the courts are not in harmony over what falls within the phrase "founded on a duly recorded instrument." In Berkley Multi-Units, the Fourth District Court of Appeal expressed the view of a majority of the district courts in Florida and distinguished an action to foreclose a mortgage from an action to set aside a fraudulent deed:
In the case of a mortgage foreclosure the recorded mortgage is notice that if the mortgagor-property owner fails to make payments or otherwise defaults under the terms of the mortgage and underlying promissory note the mortgagee may bring an action to foreclose the mortgage. In such an action the mortgagee is the plaintiff, and because his claim or interest is already a matter of public record by virtue of the recorded mortgage, when the foreclosure action is filed he is entitled as of right to file a notice of lis pendens. An action to foreclose a mortgage on real property is an action "founded on a duly recorded instrument."
In contrast, the recording of a conveyance such as a warranty deed serves as notice that the grantor has relinquished to the grantee all of his right, title and interest in the real property. The "recorded instrument" is notice of the grantee's ownership and therefore interest in the real property. It also serves as notice that the grantor no longer has any interest in the real property. If it is later claimed by the grantor that the grantee fraudulently or otherwise wrongfully obtained title and an action is brought to rescind the deed, the plaintiff is not entitled as of right to file a notice of lis pendens. The action is not founded on the deed but on circumstances preceding and surrounding the execution of the deed. A notice of lis pendens alerts to the possibility of rescission of the deed, a cloud on title not evident *272 from inspection of the bare deed on the public records. Because of its potential to cloud title it is subject to scrutiny by the court for the protection of the title, the property owner, and existing lienholders, as well as the interests of the plaintiff. Thus, the statute requires that the court "control and discharge the notice of lis pendens as the court may grant and dissolve injunctions."
464 So.2d at 1357-58 (emphasis added). The following cases have interpreted the subject statute in this manner. Ross v. Breder, 528 So.2d 64 (Fla. 3d DCA 1988); Feinstein v. Dolene, Inc. 455 So.2d 1126 (Fla. 4th DCA 1984); Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984); Kent v. Kent, 431 So.2d 279 (Fla. 5th DCA 1983); Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA 1982), review denied, 441 So.2d 614 (Fla. 1983); Glusman v. Warren, 413 So.2d 857 (Fla. 4th DCA 1982).
The minority view is set forth by the First District Court of Appeal in Albega Corp. v. Manning, 468 So.2d 1109 (Fla. 1st DCA 1985). In that decision, the court held that an "action to rescind and cancel the recorded agreement for deeds and the recorded deeds conveying property pursuant thereto is founded upon a recorded instrument." Id. at 1110. The Second District Court of Appeal had previously taken this view in Chapman. We note that the Fourth and Fifth District Courts expressed this view in Boca Raton Land Development, Inc. v. Sparling, 397 So.2d 1053 (Fla. 4th DCA 1981), and Florida Peach Corp. v. Lurie, 411 So.2d 339 (Fla. 5th DCA 1982); however, in Berkley Multi-Units and Mohican Valley, those courts subsequently receded from their earlier position. We find that the view taken by the Fourth District Court of Appeal in Berkley Multi-Units is the better reasoned view.
In this case, American Legion Department alleged that the deed evidencing the conveyance from American Legion Community Club to Del Rossi was void since "it was in violation of the Constitution and By-laws of the Defendant American Legion Community Club." Clearly, the relief sought in this action was not founded on the terms and provisions of the deed but on the circumstances surrounding the execution of that deed.
If the minority view were followed, a notice of lis pendens would, for all practical purposes, remain in effect beyond one year as of right whenever real property was involved, contrary to the clear intent of section 48.23. In this regard, the exception in the statute would essentially swallow the statute's underlying purpose and eliminate the provision that gives the trial court discretion to extend the duration of the notice of lis pendens on a case-by-case basis. It is our view that the exception applies only to those cases in which the suit is based on the terms and provisions contained in the recorded document.
We also reject American Legion Department's alternative argument that, even if the notice of lis pendens was effective for only one year, Diamond was placed on constructive notice of the pending litigation between American Legion Community Club, American Legion Department, and Del Rossi, subjecting Diamond to that outcome. We find no merit in this contention. Section 48.23(2) clearly states: "No notice of lis pendens is effectual for any purpose beyond 1 year... ." (Emphasis added.) If American Legion Department wanted the lis pendens to remain in effect beyond one year, it could have made this request to the trial court.
We choose not to discuss the remaining issues, which are unrelated to the certified question in this cause. For the reasons expressed, we answer the certified question in the negative, approve the Third District Court of Appeal's decision in the instant case, and disapprove Manning and Chapman to the extent that they conflict with the holding in this cause.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] "The purpose of a notice of lis pendens is to alert creditors, prospective purchasers and others to the fact that the title to a particular piece of real property is involved in litigation." Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356, 1357 (Fla. 4th DCA 1985).