PER CURIAM.
Petitioner seeks a writ of certiorari to vacate an order that denied his motion to dissolve a notice of Ms pendens on real property. For the reasons stated below, we grant the petition and issue the writ.
The notice of Ms pendens was filed in conjunction with the respondent’s complaint against petitioner, the minor’s father, for damages the minor sustained after petitioner allegedly killed the minor’s mother and sister, and injured her. The complaint also sought a declaratory judgment as to the minor’s rights in the petitioner’s homestead property. The notice of Ms pendens was filed against this property.
A notice of Ms pendens may be filed, as a matter of right, where the initial pleading shows that the action is founded upon a duly recorded instrument or a mechanic’s Men. § 48.23, Fla.Stat. (1987). In all other actions, the trial court may “control and discharge the notice of Ms pendens as the *346 court may grant and dissolve injunctions.” § 48.23(3), Fla.Stat. (1987). The respondent’s amended complaint does not “show that the action is founded on a duly recorded instrument,” section 48.23, Fla.Stat. (1987), but rather is based upon the homestead provision of the Florida Constitution, see Art. X, § 4, Fla. Const., as well as certain statutory rights. Accordingly, we grant the petition and issue the writ of certiorari to the trial court with directions to vacate the order that denied the motion to dissolve the notice of lis pendens. See American Legion Community Club v. Diamond, 561 So.2d 268 (Fla.1990). Upon remand, the trial court shall consider whether the lis pendens is appropriate under the standards for granting an injunction. See § 48.23(3), Fla.Stat. (1987).
Petition for writ of certiorari granted, writ issued, and cause remanded to the trial court with directions.
RYDER, A.C.J., and DANAHY and ALTENBERND, JJ., concur.