GROSS, J.
This petition for writ of certiorari challenges an order which determined that a lis pendens was invalid. We deny the petition, because the 1996 notice of lis pendens was not founded on a duly-recorded instrument, so that it was no longer effectual in 2004, when respondent sought to declare it invalid.
Bernard Schwartz had three wives; the first and third wives were both named Marilyn. For the purpose of clarity, we will refer to the Marilyns as Wife # 1 and Wife # 3.
Bernard married Wife # 3 in 1987. He failed to make payments required by a 1976 New York divorce judgment involving Wife # 1. In 1994, Wife # 1 sued Bernard in Broward County, seeking a judgment for the arrearages he owed under the New York divorce judgment. On October 27, 1994, the circuit court entered a Florida final judgment against Bernard for $9,309.73 in arrearages.
In 1994, Wife # 1 recorded the Florida final judgment in both Palm Beach and Broward Counties.
On August 22,1996, Wife # 1 recorded a notice of lis pendens against real property titled in the name of Wife # 3. The notice contained the 1994 Broward County case number and name; it indicated that suit had been instituted against Bernard, “with the object of said suit being to perfect a certain lien described in [Wife # l’s] complaint” against the property. However, nothing in the record indicates that the 1994 suit had anything to do with Wife # 3’s real property; the lawsuit mentioned no property. Wife # 3 was not a party to the Broward County lawsuit, nor had a judgment been issued against her. The 1994 judgment against Bernard was for support arrearages.
Wife # 1 took Wife # 3’s deposition on June 25, 1998. Wife #3 testified that “[n]ot one dollar of [Bernard’s], from 1987 to 1998, went into the house” here at is *1029 sue. After the deposition, Wife # 1 filed an amended complaint in November, 1998 adding a count II against Bernard and Wife # 3, under the Uniform Fraudulent Transfer Act, Chapter 726, Florida Statutes (1997). The amended complaint alleged that Bernard had fraudulently transferred assets to Wife # 3, including a general reference to “the house in the name of [Wife # 3].” Wife # 1 sought to void the transfer of assets to Wife # 3 and have the assets sold to satisfy her judgment against Bernard.
In April, 2000, Bernard and Wife #3 filed an answer to the amended complaint denying the existence of any fraudulent transfer. At some point, Bernard died and his estate was substituted as a party.
In February, 2004, Wife # 3 moved to declare the lis pendens invalid. After a hearing, the trial court granted the motion.
We affirm. Setting aside any other claims of invalidity, the notice of lis pen-dens expired after one year under the lis pendens statute. See Am. Legion Cmty. Club v. Diamond, 561 So.2d 268 (Fla.1990). At no time did Wife # 1 seek to have the lis pendens extended.
Section 48.23(2), Florida Statutes (2003), provides, inter alia, that “[n]o notice of lis pendens is effectual for any purpose beyond 1 year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument.” The 1994 complaint, upon which the lis pendens was based, was not directed at any real property and was not founded on a recorded instrument, within the meaning of the statute; the pleading sought a judgment for arrearages incurred under a New York judgment that had nothing to do with any real property in Florida.
Similarly, the 1998 amended complaint seeking to set aside fraudulent transfers was not “founded on a duly recorded instrument.” § 48.23(2). . As the supreme court has written, a lawsuit is founded on a duly recorded instrument in “those cases in which the suit is based on the terms and provisions contained in the recorded document.” Am. Legion, 561 So.2d at 272. The claims of fraudulent transfers do not arise from any recorded document. They are akin to the claim that fraud induced a real estate transaction, which this court has held insufficient to entitle a plaintiff as of right to file a notice of lis pendens. See Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356, 1357-58 (Fla. 4th DCA 1985) (en banc). Examples of actions founded on duly recorded instruments are mortgage foreclosures, Berkley, 464 So.2d at 1357, and an action founded on a recorded quit claim deed to a plaintiffs deceased parent. See Moss v. Arca Dev., Inc., 687 So.2d 70 (Fla. 3d DCA 1997).
In American Legion, the supreme court took a narrow view of what constitutes a “duly recorded instrument,” quoting from our Berkley decision. 561 So.2d at 271-72.
Significantly, American Legion cited with approval Ross v. Breder, 528 So.2d 64 (Fla. 3d DCA 1988). In Ross, a partnership owned a shopping center and the partnership agreement was filed in the public records. A partner sued to dissolve the partnership and partition the real estate, filing a notice of lis pendens. The partner argued that the partnership agreement and the special warranty deed pertaining to the property, which were both filed in the public records, constituted duly recorded instruments.
The third district rejected that argument, stating that “while the lawsuit is facially based on the instruments of record, the partnership agreement and deed would not put a good faith purchaser on notice that there is a cloud on the title.” *1030 Id. at 65. The court held that the documents did not amount to “a statutory predicate for a lis pendens as of right.” Id.
As in Ross, the money judgment, which is supposed to be the duly recorded instrument in this case, would not put a good faith purchaser on notice that there was a cloud on the title of property in the name of Wife # 3. It is not that 1994 judgment which forms the basis of the fraudulent conveyance claim.
Wife # 1 contends- that the 1994 final judgment is a “duly recorded instrument” within the meaning of section 48.23. However, the holding of American Legion is that a suit is not “founded on a duly recorded instrument” within the meaning of the statute unless the cause of action asserted in a lawsuit is “based on the terms and provisions” of the recorded instrument. 561 So.2d at 271-72. The fact that the judgment for arrearages was “recorded does not automatically transform [it] into a statutory predicate for a lis pendens as of right.” See Ross, 528 So.2d at 65.
Because it was not founded on a “duly recorded instrument,” the 1996 notice of lis pendens was no longer “effectual for any purpose” when Wife # 3 moved to declare it invalid in 2004. § 48.23(2).
The petition for writ of certiorari is denied.
KLEIN, J., concurs.
FARMER, J., concurs specially with opinion.