FARMER, J.,
concurring.
I concur in Judge Gross’s opinion in all respects for the following limited demurrer.
The lis pendens statute provides that when the claimed interest is “founded on a duly recorded instrument” the plaintiff is entitled to a lis pendens until the action has been concluded. Florida statutory law defines “instrument” to include judgments.[1] If petitioner’s fraudulent conveyance claim were based on a judgment lien arising from the 1994 judgment, it would then be “founded on a duly recorded instrument” within section 48.23(2). But in this instance her fraudulent conveyance allegation is that the ex-husband set out to defraud her in 1987 when his new wife bought the subject property and title was placed in her name. Petitioner does not allege that her 1994 judgment lien directly attached in 1994 to that property.
Judge Gross suggests that no fraudulent conveyance claim could be deemed an action founded on a duly recorded instrument. He relies on the supreme court’s opinion in American Legion Community Club v. Diamond, 561 So.2d 268 (Fla.1990), as having approved a narrow construction of “founded on a duly recorded instrument.” Actually all American Legion does is give the plain text its ordinary meaning. A fraudulent conveyance claim is not founded on a duly recorded instrument when it seeks to set aside a recorded conveyance as having been made through fraud in the inducement, or merely to delay and hinder general unsecured creditors. But a judgment creditor may properly record a judgment resulting in a judgment lien on realty owned by the debtor at the time of recording. If that debtor should then convey the realty to a third party to avoid the judgment lien, the creditor can then bring a fraudulent conveyance action to set aside that conveyance. In that circumstance, the action *1031 would be founded on a duly recorded instrument, namely the judgment creating the lien in favor of the creditor. Nothing in American Legion purports to suggest that such an action would fail to give rise to a lis pendens as a matter of right.
With that understanding, I concur in the opinion of Judge Gross.

. See § 689.19, Fla. Stat. (2005) (word "instrument” shall be construed to include judgments or decrees).