DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATIONAL AMERICAN HOME, LLC,**
Appellant,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** as Indenture Trustee
for **AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-1**,
Appellee.

No. 4D17-2614

[April 4, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE16-000067 (08).

Andrey Solonenko, Miramar, for appellant.

W. Bard Brockman of Bryan Cave LLP, Atlanta, GA, and Zina Gabsi of Bryan Cave LLP, Miami, for appellee.

PER CURIAM.

We affirm a final declaratory judgment, sought by appellant to determine the status of its title to property acquired after the filing of a mortgage foreclosure together with a notice of lis pendens. The foreclosure proceeding resulted in a final judgment and judicial sale of the property. Appellant claimed that its title to the property was unaffected by the mortgage foreclosure and sale, because the notice of lis pendens had expired, pursuant to section 48.23(2), Florida Statutes (2016). That statute, however, provides that a notice of lis pendens does not expire where the proceeding is based upon a duly recorded instrument. Appellant argued that a mortgage foreclosure proceeding did not fit within the exception.[1]

---

[1]  48.23 Lis pendens.—

(1)(a)  An action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby only if a notice of lis pendens is recorded in the

In entering final judgment determining that the appellant's interest in the property was discharged, the trial court relied on *Berkley Multi-Units, Inc. v. Linder,* 464 So. 2d 1356, 1357 (Fla. 4th DCA 1985), in which this court stated "An action to foreclose a mortgage on real property is an action 'founded on a duly recorded instrument.' " *See also American Legion Community Club v. Diamond,* 561 So. 2d 268, 271 (Fla. 1990) (quoting *Berkley* with approval). Appellant correctly notes that this statement was dicta, as the case involved rescission based on fraud, and the court was simply giving examples of types of actions based upon duly recorded instruments.

This, on the other hand, is a case involving a mortgage foreclosure, and we adopt the dicta of *Berkley* as the holding of this case: An action to foreclose a mortgage on real property is an action "founded on a duly recorded instrument." Therefore, the notice of lis pendens filed in this proceeding did not expire. The appellant's interest was discharged upon

---

official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged.

....

d) Except for the interest of persons in possession or easements of use, the recording of such notice of lis pendens, provided that during the pendency of the proceeding it has not expired pursuant to subsection (2) or been withdrawn or discharged, constitutes a bar to the enforcement against the property described in the notice of all interests and liens, including, but not limited to, federal tax liens and levies, unrecorded at the time of recording the notice unless the holder of any such unrecorded interest or lien intervenes in such proceedings within 30 days after the recording of the notice. If the holder of any such unrecorded interest or lien does not intervene in the proceedings and if such proceedings are prosecuted to a judicial sale of the property described in the notice, the property shall be forever discharged from all such unrecorded interests and liens. If the notice of lis pendens expires or is withdrawn or discharged, the expiration, withdrawal, or discharge of the notice does not affect the validity of any unrecorded interest or lien.

(2) A notice of lis pendens is not effectual for any purpose beyond 1 year from the commencement of the action and will expire at that time, unless the relief sought is disclosed by the pending pleading to be founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 against the property involved, except when the court extends the time of expiration on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.

the judicial sale of the property in the foreclosure proceeding.

We affirm as to all other issues raised.

WARNER, CIKLIN and KLINGENSMITH, JJ., concur.

*　　　*　　　*

***Not final until disposition of timely filed motion for rehearing.***