# Third District Court of Appeal
## State of Florida

Opinion filed June 30, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1775
Lower Tribunal No. 16-0495-P
_____


**David Petkovich, et al.,**
Petitioners,

vs.

**Sandy Point Condominium Apartments Association, Inc.,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Monroe County, Luis M. Garcia, Judge.

Annesser Armenteros, PLLC and John W. Annesser, and Megan Conkey Gonzalez, for petitioners.

Hershoff Lupino & Yagel, LLP and James S. Lupino, and Jessica Rothenberg, for respondent.


Before SCALES, LINDSEY, and MILLER, JJ.

MILLER, J.

The narrow issue presented in this petition for writ of certiorari is whether a lawsuit seeking to invalidate the chain of title evidencing the submission of certain real property to the ownership and control of a condominium is founded on a duly recorded instrument, as provided in section 48.23, Florida Statutes.[1] Relying upon the Florida Supreme Court's holding in the seminal case of American Legion Community Club v. Diamond, 561 So. 2d 268 (Fla. 1990), we conclude the relief sought in the action below rests not on the terms and provisions of recorded documents, but rather the circumstances surrounding execution.

## BACKGROUND

After acquiring two condominium units located in Islamorada, Florida, petitioners filed suit against respondent, Sandy Point Condominium Apartments Association, Inc., in the lower tribunal. In the operative complaint, citing the omission of essential signatures in documents relating to the conveyance of the disputed properties, petitioners asserted ownership over areas designated by the Association as common elements of the condominium.

---

[1] We review an order discharging a lis pendens in certiorari. See Rodriguez v. Guerra, 254 So. 3d 521, 521 n.1 (Fla. 3d DCA 2018) (citations omitted).

The Association counterclaimed, seeking to reform the documents and quiet title.  Petitioners filed a notice of lis pendens, and the parties engaged in discovery.  After the facts were sufficiently developed, the trial court issued an interlocutory summary judgment order.  The order acknowledged a defect in the conveyance of the properties, occasioned by "missing signatures and/or a missing page," and granted summary judgment in favor of the Association as to its claim for reformation.  Shortly after the order was rendered, the court discharged the lis pendens.  The instant petition ensued.

## ANALYSIS

Under the doctrine of lis pendens, "[p]ersons acquiring an interest in property that is a subject of litigation are bound by, or entitled to the benefit of, a subsequent judgment." Golden State Bottling Co., Inc. v. N.L.R.B., 414 U.S. 168, 179 (1973).  The doctrine "is of ancient origin . . . [and] was formulated and promulgated by Sir Francis Bacon in 1618, as the twelfth of his Ordinances in Chancery."[2]  Gardner Smith, The Doctrine of Lis Pendens in Legal Actions Affecting Land, 48 Bulletin Law Series 31, 31 (1935).  However, "[e]ven before that date, the principle was recognized by the

---

[2] "Bacon's Ordinances in Chancery, which he promulgated in 1618, governed Chancery proceedings [in England] until the nineteenth century." Allen D. Boyer, Light, Shadow, Science, and Law, 92 Mich. L. Rev. 1622, 1634 (1994).

courts." Id. Indeed, in referring to the doctrine, Chancellor James Kent, a leading legal scholar in the formative years of our country and the first professor of law at Columbia,[3] remarked, "it would be impossible, as I apprehend it, to mention any rule of law which has been established upon higher authority or with more uniform sanction." Id. (quoting Murray v. Ballou, 1 Johns. Ch. 566 (1815)).

In accord with these principles, under Florida law, a notice of lis pendens enables the court in a pending suit "to deal with the property[,] . . . preserve its jurisdiction over the subject matter," Avalon Assocs. of Del. Ltd. v. Avalon Park Assocs., Inc., 760 So. 2d 1132, 1134 (Fla. 5th DCA 2000) (citation omitted), and protect the "proponent, by preventing intervening liens that could impair or extinguish claimed property rights." Taylor v. Steckel, 944 So. 2d 494, 497 (Fla. 3d DCA 2006) (citations omitted); see Warren Cnty. v. Marcy, 97 U.S. 96, 105 (1877) ("It is a general rule that all persons dealing with property are bound to take notice of a suit pending with regard to the title thereto, and will, on their peril, purchase the same from any of the parties to the suit."); Adhin v. First Horizon Home Loans, 44 So. 3d 1245, 1251 (Fla. 5th DCA 2010) (The term lis pendens "literally means a pending

---

[3] See John H. Langbein, Chancellor Kent and the History of Legal Literature, 93 Colum. L. Rev. 547, 548 (1993).

4

lawsuit, and is defined as the jurisdiction, power, or control that courts acquire over property involved in a pending suit.") (citation omitted).

Section 48.23, Florida Statutes, confers control over such notices upon the courts. As relevant here, if a lawsuit is premised upon a duly recorded instrument, the plaintiff is entitled to maintain a lis pendens "as a matter of right" until the action has been concluded, regardless of "the merits of [his or her] claims to the subject realty." Moss v. Arca Dev., Inc., 687 So. 2d 70, 70 (Fla. 3d DCA 1997). Conversely, "[w]hen the pending pleading does not show the action is founded upon a duly recorded instrument[,] . . . the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." § 48.23(3), Fla. Stat.

Historically, whether an action was founded upon a duly recorded instrument was far from clear. A majority of Florida courts distinguished between actions to enforce rights under a written document and those seeking to rescind or void a conveyance, finding the former were founded upon duly recorded instruments, while the latter were not. See Ross v. Breder, 528 So. 2d 64 (Fla. 3d DCA 1988); Feinstein v. Dolene, Inc., 455 So. 2d 1126 (Fla. 4th DCA 1984); Mohican Valley, Inc. v. MacDonald, 443 So. 2d 479 (Fla. 5th DCA 1984); Kent v. Kent, 431 So. 2d 279 (Fla. 5th DCA 1983); Hough v. Bailey, 421 So. 2d 708 (Fla. 1st DCA 1982); Glusman v.

5

Warren, 413 So. 2d 857 (Fla. 4th DCA 1982). In contrast, a minority view embraced the proposition that an "action to rescind and cancel [a] recorded agreement for deeds and the recorded deeds conveying property pursuant thereto is founded upon a recorded instrument." Albega Corp. v. Manning, 468 So. 2d 1109, 1110 (Fla. 1st DCA 1985).

This conflict was swiftly resolved by the Florida Supreme Court over three decades ago in Diamond. There, the court examined whether "a suit to set aside a conveyance of real property" constituted an action "'founded on a duly recorded instrument' as set forth in section 48.23, Florida Statutes[,] . . . authorizing the maintenance of a notice of lis pendens as of right."[4] Diamond, 561 So. 2d at 269. The proponent of a lis pendens had filed an action in the trial court to void a warranty deed, alleging a failure to comply with the applicable constitution, rules and regulations, and bylaws by certain fiduciaries. Id. at 271. The trial court found the proponent was entitled to a lis pendens as a matter of right, and the district court reversed, holding that "a lawsuit to quiet title to real property predicated on allegations of fraudulent conveyance and misrepresentation is not an 'action . . . founded upon a duly recorded instrument.'" Id. (quoting § 48.23, Fla. Stat.).

---

[4] The statutory provision in Diamond is largely identical to the current statute.

6

Closely examining the factual allegations, our high court found that "[c]learly, the relief sought in [the] action was not founded on the terms and provisions of the deed but on the circumstances surrounding the execution of that deed." Id. at 272. To hold otherwise, it reasoned, would allow for a notice of lis pendens to "remain in effect beyond one year *as of right* whenever real property was involved, contrary to the clear intent of section 48.23." Id. Thus, only in "those cases in which the suit is based on the terms and provisions contained in the recorded document" is the proponent entitled to a lis pendens as a matter of right. Id.

Here, in the operative complaint, petitioners allege ownership by virtue of defects in the chain of title. The documents recorded in the public record facially purport to establish the disputed property is subject to condominium control. Accordingly, petitioners cannot be awarded relief without a decree invalidating the documents and the underlying conveyances.

Given these circumstances, as in Diamond, the claim is not founded upon the terms and provisions of the instruments, but instead rests upon the circumstances surrounding execution. Consequently, petitioners' authority to maintain a lis pendens is not as of right, but is subject to the direction and control of the trial court. Finding no departure from the essential requirements of law, we deny the petition under review.

7

Petition denied.